## BURLINGTON INSURANCE COMPANY *v.* KENNERLY.

Opinion delivered May 18, 1895.

*Insurance policy—Proof of loss—Waiver.*

A stipulation in a policy of fire insurance that the insured shall, within thirty days after a loss, give to the insurer a particular account of said loss, under oath, cannot be waived by local agents of such insurer, who have specific authority merely to sign and issue policies, and no authority, express or implied, to act in regard to the adjustment of losses.

Appeal from Garland Circuit Court.

ALEXANDER M. DUFFIE, Judge.

*Clayton & Brizzolara* for appellant.

The rights of parties claiming insurance arise out of and depend upon contract, and must be ascertained and fixed by the contract. 52 Ark. 206; 1 Wood, Fire Ins. p. 179; 1 May on Ins. sec. 173. Parol testimony is not admissible *to* control or vary their terms. 1 May on Ins. sec. 171-2; 14 S. E. 532; 5 Law. Rep. Ann.

799, 805; 1 Wood, Fire Ins. p. 11; 11 Am. & Eng. Enc. Law, p. 286, note. By accepting the policy, the assured agreed to all the conditions in the policy. 1 Wood, Fire Ins. p. 10, and note 2; 47 N. Y. 114; 68 Wis. 298; 36 Wis. 599. Under the terms of the policy, no one except the president or secretary, *in writing*, could waive any terms or conditions in the policy. Sumpter & Son never had this power, even if they still were the agents of the company after the revocation. 54 Ark. 78; 2 May on Ins. sec. 469, B; 60 Vt. 682; Ostrander, Fire Ins. p. 143; 2 Biddle, Ins. sec. 992; 3 Ind. App. 333; 59 Fed. 732; 57 N. W. 952; 58 Ark. 281. The letter of the adjuster was not a waiver. 7 Jones, N. C. 373; 1 Allen (Mass.), 297; 2 May on Ins. sec. 471. Proof of loss, as required by the policy, was a condition precedent, and could only be waived in the manner indicated in the policy. 2 May, Ins. sec. 463; 43 N. H. 621; 33 Pa. St. 397; 33 Oh. St. 555; 7 Am. & Eng. Enc. Law, p. 1043, note 12; 8 Wait, Ac. & Def. p. 795. A local agent has no authority, as such, to receive notice of loss. 75 Penn. 378. The acts and declarations of Sumpter, even if he had been the agent, did not constitute a waiver. 59 Fed. 732. The silence of the company is no excuse for failure to present proofs of loss. 2 Biddle on Ins. sec. 1138, note 13; 8 Wait's Ac. & Def. 344; 81 N. Y. 410; 87 Pa. St. 399; 56 Vt. 374; 2 Wood, Fire Ins., 935, and note 1, and 939. See, also, 3 Col. 422; 58 Md. 366; 75 Iowa, 544; 86 Ala. 424. Even if Sumpter & Son were the local agents, they could not, by the terms of the policy, bind the company by any waiver, and, therefore, their explanations or advice upon the subject were immaterial. 2 Biddle, Ins. sec. 1074, note 2; 144 Mass. 43; 11 Rep. 780; 64 N. Y. 469; 63 *id.* 531; 121 Mass. 439; 16 Ins. L. J. 305; 36 Minn. 433; 60 Vt. 682; 19 N. Y. Sup. 990; 65 Hun, 621; 48 Kas. 239; 54 Ark. 75.

*C. V. Teague* for appellee.

Notice of the loss was given. 61 N. W. 740. Sumpter & Son were its general agents, and the burden of proving revocation was on appellant. 21 S. W. 207; 6 Otto. 84. Proof of loss may be waived. 2 May on Ins. sec. 468. Waiver of proof of loss rests on the doctrine of estoppel. An insurance company may waive a forfeiture by acts from which an intention to waive may be inferred, or from which a waiver follows as a legal result. The agent in this cause expressly waived proof of loss, and promised that the company would pay the loss without proof of loss being made. 53 Ark. 500; 96 U. S. 575; 25 S. W. 796; 6 S. W. 605; 11 Am. & Eng. Enc. Law, 338–9; 52 Ark. 11. An agent may waive proof of loss. 105 Mass. 570; 4 So. 62; 39 N. W. 76; 41 *id.* 60; 33 Mich. 143; 39 Am. Rep. 591; Wood on Ins. sec. 496; 3 Allen, 602; May on Ins. sec. 511; 41 Am. Rep. 647; 11 *id.* 469; 6 S. W. 605; 6 Otto, 18; 59 N. W. 752; 61 *id.* 740-5-6.

BUNN, C. J. This is a suit on a policy of fire insurance, instituted and determined in the Garland circuit court, resulting in a judgment in favor of the plaintiff, M. M. Kennerly, the appellee here, in the sum of $150 against the defendant and appellant company, from which it has appealed to this court.

There having been no notice and proof of the loss, as provided in the policy, the only question for our consideration is, whether or not the same has been waived by the insurance company.

It appears from the testimony that previously to the 18th day of July, 1892, John J. Sumpter & Son were the local agents of the appellant company at the city of Hot Springs, Ark., and had authority as such "to sign and issue policies, and issued the one sued on, and frequently acted for them in adjusting losses, and have all the time,

and do now (time of taking testimony), correspond in regard to losses." (See testimony of John J. Sumpter, as abstracted in appellant's brief). Again he says: "My agency with the company, I suppose, expired the 21st July, as to signing and issuing policies. But I do not consider that our authority as agents as to policies issued was revoked. We wrote no more policies after that date. We corresponded after that in regard to policies already issued, and when fires occurred after that we notified them immediately, and do so yet, and they always answered the letters." Again, he says: "I never notified Kennerly before the fire. Perhaps I did afterwards. I told him I would not issue any more policies. I told him we would write to the company about the loss. He came to see us almost daily. We would show him the letters, and tell him what we heard."

Witness, being shown a paper, was asked if it was the revocation, and said it may be, and the same is as follows: "Office of Burlington Fire Insurance Company, Burlington, Iowa, July 18, 1892. John J. Sumpter & Son, Hot Springs, Ark., Dear Sir: This is to notify you that on and after this date your agency for this company is canceled, and that we cannot accept any more business from you. Please mail to us our policies and your commission only, and destroy all other supplies. Also, please send us at once your final account current, with draft to balance. Yours truly,

(Signed)        JOHN C. MILLER, President."

Iu his testimony, the plaintiff testified on this point as follows, to-wit: "After the loss, I was never notified that Sumpter was no longer the agent, except about one and one-half months after the fire. He said he was no longer agent. I was frequently in the office, and he always said the company would pay me; to rest easy; that the company was very busy; that it was a small

claim, and they may have omitted it. He said the company had sixty days ; said the adjuster would come and settle up."

After the receipt of the letter of revocation of his authority as agent, which he thinks was about the 21st of July, 1892, John J. Sumpter, in his testimony, further states that "I never got parol or written authority to act from the company; that is, I never got authority to issue and sign policies."

In the policy exhibited with the complaint and introduced in evidence, it is stipulated, among other things : "In case of loss, the assured shall give immediate notice thereof to the president or secretary at Burlington, Iowa, in writing, and shall, within thirty days next after said loss, deliver to the president or secretary of the company at Burlington, Iowa, a particular account of said loss, under oath, stating the time, origin and circumstances of the fire ; the occupancy of the whole building insured, and the several parts thereof, or containing the property insured at the time of the fire ; . and the amount of the loss and damages," and sundry other matters pertaining to the property insured and its loss. Another stipulation in the policy is that no suit should be instituted after six months from and after the date of the fire which occasioned the loss. And further: "It is further expressly covenanted by the parties hereto that no officer, agent or representative of this company, other than the president or secretary, shall be held to have waived any of the terms and conditions of the policy, unless such waiver shall be endorsed hereon in writing."

On the day after the fire, which occurred on the 5th day of September, 1892, J. J. Sumpter & Son telegraphed to the company at Burlington, Iowa, that "we have almost a total loss under policy No. 520,313," that being the number of the policy in suit. On the 12th of

September, 1892, Eggleston, the general adjuster of the company, wrote from Burlington, Iowa, to John J. Sumpter & Son, at Hot Springs, as follows, to-wit: "Gentlemen: We have your favor of the 7th inst., and beg to acknowledge its receipt, as well as your telegram of the 6th, which has been overlooked, advising us of the claims made by M. M. Kennerly under policy No. 520,313, and Mr. McLaughlin under 520,321."

On the 26th September, apparently in answer to a letter from Sumpter & Son, the insurance company, through some one whose name is not given, wrote to them at Hot Springs, acknowledging receipt of their letter of 24th September, and also of their telegram of the 6th, saying: "Soon as our adjuster returns to the city, which will be next week, your letter will be referred to him." (Sumpter & Son's letter of the 24th October, as stated in the abstract, was evidently on the 24th September, and was answered by the one last quoted from.) Such, substantially, is the evidence upon which the claim of waiver is made and denied in this case.

In *German Ins. Co.* v. *Gibson*, 53 Ark. 500, the adjuster was sent to the scene of the loss, and then proceeded to adjust the same with the claimant. The adjuster "was thereby vested with authority to ascertain the nature, cause and extent of the loss, and to agree with Gibson as to the amount that should be paid as an indemnity for the same." Citing *Aetna Ins. Co.* v. *Shryer*, 85 Ind. 362. The adjuster and the claimant visited the scene of the loss together. On the second visit, he (the adjuster) accused plaintiff of having made false representations (he having acquired this information from his first visit, although on the first visit nothing was said about it, but an effort was made then to adjust the loss). Plaintiff was encouraged to make, and did make, successive proofs. *Held*, that the company was bound by the acts of its agents, being in possession of

all the facts and circumstances constituting the forfeiture, and having put the plaintiff to the expense and trouble of making and perfecting his proofs, and it could not be heard to insist upon the forfeiture. The groundwork of that ruling was the fact that the agent was duly authorized to agree with the claimant on the sum to be paid, and, being so authorized, could waive mere details as to how this agreement should be arrived at. So in the case of *Ins. Co.* v. *Brodie*, 52 Ark. 11, as to time in which suit should be instituted.

So such conditions and stipulations may be waived by the company—the insurer—by parol, although the policy may provide that it shall be done only in writing. *Carson* v. *Jersey City Fire Ins. Co.* 39 Am. Rep. 591. And in *Franklin Fire Ins. Co.* v. *Chicago Ice Co.* 36 Md. 102 (11 Am. Rep. 469), a provision in the policy to the effect that "nothing but a distinct specific agreement, clearly expressed and endorsed on the policy, shall operate as a waiver of any written or printed condition thereof," was held not to refer to stipulations as to notice and proof of loss, and that the failure on the part of the insurer to promptly object to the form and sufficiency of such notice and proofs amounted to a waiver. In this last case, having received notice and proofs, the company could not rely on a mere want of form or insufficiency to defeat the claim, unless it should promptly object—its silence being considered a waiver of mere corrections. The whole subject of waiver rests upon the authority by which it is made, and when that authority really exists, it is of course no difficult matter to show a waiver if such has been made.

But in the case at bar Sumpter & Son never had any other than a specific authority, and, among the specified acts they were authorized to do, agreement as to the amount of losses does not appear, and while it may be true that the revocation of the 18th July, 1892, did not

extend to their entire agency, yet we do not gather that this special matter was ever committed to them.   The very fact that all they did after the fire was to urge the visit of an adjuster shows this not to have been within the scope of their authority, and the only thing the company did to comply with this request was to promise the early attention of its adjuster.   We see nothing in all this that can be construed into a waiver of notice of the loss or of the requirement of the proofs stipulated for, and especially of the latter.

Again, it is contended that, Sumpter & Son having been once agents of the insurance company, the latter's revocation of that agency could not affect the plaintiff and appellee unless the same was communicated to him in time.   That is the rule, but, again, the original agency must have conferred the authority to make the waiver, expressly or by implication, or there was no revocation, and the rule has no application; and such authority seems to have been originally wanting in this case.

Reversed and remanded.