## BURLINGTON INSURANCE CO. *v.* LOWERY.

### Opinion delivered October 12, 1895.

FIRE INSURANCE—NOTICE OF LOSS under a fire policy given by a local agent of the insurance company on information communicated to him by the assured is sufficient.

SAME—PROOF OF LOSS.—A provision in an insurance policy requiring proof of loss to be made within thirty days is waived by the company where it sends a blank form for such proof after lapse of the thirty days, and receives the proof without objection.

SAME—WAIVER OF FORFEITURE.—Proof of loss under a fire policy may be waived by parol, though the policy requires a waiver to be in writing.

FORFEITURE OF POLICY—TEMPORARY ABSENCE of a tenant from the house at the time of a fire will not work a forfeiture of the policy, where the policy provided that it should be forfeited if the house was allowed to become unoccupied.

ACTION ON POLICY PAYABLE TO MORTGAGEE—PARTIES.—The assured cannot sue alone on a policy payable absolutely to the mortgagee without the express consent of the latter, unless he has paid or extinguished the mortgage debt before suit.

Appeal from Garland Circuit Court.

ALEXANDER M. DUFFIE, Judge.

STATEMENT BY THE COURT.

This is an appeal from a judgment for one thousand dollars against the appellant upon a policy of fire insurance upon a dwelling house of the appellee which was consumed by fire, while the policy was in force. The defenses to the action are: (1) Failure of the appellee to give notice of the loss. (2) Failure of the appellee to make proof of loss within thirty days next after said loss, as required by the policy of insurance. (3) Vacancy of the house at the time it was burned. (4) Conveyance of the property, by mortgage, after the policy was issued. (5) That the insured could not maintain an action for the loss in his own right and name.

By the terms of the policy the loss, if any, was made payable to the Jarvis-Conklin Mortgage Company, which was not a party to this suit. There was evidence tending to show that John J. Sumpter & Son were the general agents of the company at Hot Springs; that they issued the policy sued on; that the assured notified them of the loss a day or so after it occurred, and requested them to notify the company; that John J. Sumpter immediately thereafter did notify it in writing, and that the company acknowledged the receipt of the notice, which was sent through the mail. As to proof of loss, the evidence shows that proof of loss was made after the expiration of thirty days, within which time it was required to be made by the policy.

The evidence further tends to show that after notice of the loss had been given to the company as stated, and the thirty days within which proof of loss was required by the policy to be made, the company sent a special agent to Hot Springs to examine the loss; and after he had done so, and conferred with Sumpter & Son in regard to it, and returned home, the company sent to Sumpter & Son a blank form for proof of loss, and instructed them to turn it over to the appellee, that he might make his proof of loss, which he made and sent to the company; that the company returned it for correction; that it was corrected and returned to the company; and that appellee never saw it afterwards, until he saw it at the trial, in possession of an attorney for appellant.

As to the house being unoccupied at the time of the fire, the evidence tends to show that at the time of the fire the house was occupied by a Mr. Cole, tenant of the appellee, who had made arrangements to move into another house, and who, a day or two before the fire, had gone to Malvern to meet his wife, leaving his two daughters in the house, with instructions to remain un-

til he returned ; that his wife was sick at Malvern, and on that account he did not return until Monday, when he had expected to return on the Saturday before. That he arranged to have a man come on Sunday with a wagon to move him ; that the man came, and moved a small portion of his furniture ; but that nearly all his furniture was consumed by the fire Sunday night when the house burned.

As to the mortgage, the proof shows that it was made before the policy of insurance was issued, and that the mortgage clause was attached to the policy when it was delivered. The mortgage clause is as follows : "Loss, if any, payable to Jarvis-Conklin Mortgage Company or its assignees," etc.

*Clayton & Brizzolara* for appellant.

1. The loss was payable to the Jarvis-Conklin Mortgage Trust Co., and it is not alleged that their mortgage had been paid by, or assigned to, appellee, nor that its express consent to sue had been obtained. 1 May on Ins. 449 ; 58 Md. 172 ; 67 Barb. 507 ; 3 Bosw. (N. Y. Superior) 516 ; 2 Wood, Fire Ins. 1123 ; Beach, Ins. sec. 1285 ; 22 Ark. 54 ; 48 Kas. 450 ; 65 N. Y. 6 ; Barbour on Parties, 61 ; 44 Mich. 420 ; 46 Wis. 23 ; 29 Me. 337 ; Sand. & Hill's Dig. sec. 5623 ; 14 Col. 259 ; 17 How. (N. Y.) 444; 73 N. Y. 114. The letter was not competent to show the mortgagee's consent, as there was no showing that it was genuine, or had been received in due course of mail. 130 Pa. 193 ; 77 Mich. 265.

2. No proof of loss was made within the period prescribed, nor was notice given *immediately*. No waiver could be made, except as prescribed in the policy. 31 N. E. 265 ; 95 Penn. St. 45 ; 122 N. Y. 578 ; 10 Wall. (U. S.) 33 ; 17 Iowa, 176 ; 31 N. E. 31 ; 36 Minn. 433 ; 9 Md. 1 ; 40 Pa. 311 ; 4 Bradw. (Ill.) 145 ; 67 Barb.

595; 106 Pa. 20; 66 Pa. St. p. 6; 57 Barb. 521; 38 Md. 400; 4 Wis. 25. An agent has no power to change the conditions in a policy, or dispense with their performance, and the insured is estopped, by the acceptance of the policy, from relying on any powers in the agent in opposition to the restrictions and limitations contained therein. 65 Mich. 527; 63 *id.* 90; 11 Am. & E. Enc. Law, 322; 134 N. Y. 28; 31 N. E. 31; 35 Ark. 75; 17 Am. St. 233, note to p. 248; 9 *id.* 229–238; 75 Wis. 198; 71 Mich. 414; 60 Vt. 682; 127 Ill. 364; 55 Cal. 198; 55 Cal. 408; 49 Mo. App. 423; 8 Wait, Ac. & Def. (supp.) 781. The acceptance of the policy was an assent to all its conditions, and he is estopped to deny that he has assented thereto. 1 Wood, Fire Ins., 10 and note 2; 47 N. Y. 114; 68 Wis. 298; 36 Wis. 599; 15 N. Y. Sup. 317; 133 N. Y. 356. Sumpter & Son, as local agents, could not bind the company by a waiver, unless it was endorsed on the policy. 2 Biddle, Ins. sec. 1074, note 2; 144 Mass. 43; 11 Rep. (N. Y.) 780; 64 N. Y. 469; 63 N. Y. 531; 121 Mass. 439; 16 Ins. L. J. 305; 36 Minn. 433; 60 Vt. 682. A waiver cannot be inferred from silence. 8 Wait, Ac. & Def. 343; 84 N. Y. 410; 87 Pa. St. 388; 56 Vt. 374. When notice is required to be given to the president or secretary, notice to the agent is not sufficient. 2 Wood, Fire Ins., 935, and note 1. Knowledge of the loss by the company does not excuse written notice *Ib.*, sec. 939. Conditions must be strictly complied with. 58 Ark. 565; 1 Wood, Fire Ins., 342; 2 *id.* 927-8. One dealing with a local agent must be acquainted with his powers. 1 Biddle, Ins., sec. 121-2; 2 *id.* secs. 1072, note 2, and 1074; 54 Ark. 78; Ostrander, Ins. 140; 3 Col. 422; 69 Iowa, 658; 75 *id.* 544; 86 Ala. 424; 32 N. Y. 619. *Immediate* notice was a condition *precedent*. 2 May, Ins. sec. 463; 43 N. H. 621; 33 Pa. St. 397; 33 Ohio St. 555; 7 Am. & Eng. Enc. Law, 1043, note 12; 8 Wait, Ac. &

Def. 795. A local agent has no authority to receive notice of loss. 75 Pa. 378. A *written* waiver was required by the policy, and even a general agent could not give an *oral* waiver. 2 May, Ins. 469 *(d);* Ostrander, Ins. 556; 2 Biddle, Ins. sec. 1147, note 7; 144 Mass. 43; 30 Neb. 288; 145 Mass. 265; 144 *id.* 43; 105 *id.* 570; 60 N. Y. 274; 57 Ill. 180; 19 N. Y. Sup. 990; 65 Hun. 621; 48 Kas. 239; 59 Fed. Rep. 732; 84 Wis. 80, 208.

*E. W. Rector*, for appellee.

1. Written notice from the local agent from information communicated by the assured is sufficient. 2 Wood, Ins. (2 ed.), pp. 938–9; 47 Me. 379; 40 Pa. St. 289.

2. When the company sends an agent to examine the loss, and he says or does anything that indicates that notice is unnecessary, it is a waiver of notice. *Any* notice that induces the company to examine the loss is enough. 2 Wood, Ins. p. 940 and notes.

3. Proof of loss was made, but not within the thirty days. Forfeitures are not favored in law. 96 U. S. 557. Any agreement or declaration or course of action on part of the company which leads the assured honestly to believe that by conforming thereto a forfeiture will not be incurred, followed by due conformity on his part, will estop the company from insisting on the forfeiture. *Ib*; 53 Ark. 494; 96 U. S. 234; 106 *id.* 30, 34; 55 Mich. 141–6; 33 Mich. 143–151. Notice and proof of loss may be waived by parol. 53 Ark. 494; 60 *id.* 532; Wood, Ins. (2 ed.), p. 866. sec. 419.

4. The company by its acts ratified the acts of Sumpter & Son, who were its *general* agents. 53 Ark. 494; 60 *id.* 532; 52 *id.* 11.

5. There was no vacancy. The tenant was only temporarily absent. Wood, Fire Ins. p. 215, sec. 91.

6.  The proof shows that the mortgage was executed *before* the policy was issued, not *after*, and the mortgage clause was *attached to the policy when issued.*

7.  The action was properly brought in Lowery's name.  2 Wood, Fire Ins. pp. 1122, etc. sec. 514; Wood, Fire Ins. 1123 ; 58 Md. 172.

HUGHES, J., (after stating the facts).  The notice of loss given by John J. Sumpter at the instance of the assured was acknowledged by the company to have been received, and was sufficient.  Notice by a local agent of the company, upon information communicated to him by the assured, is sufficient.  *West Branch Ins. Co.* v. *Helfenstein*, 40 Pa. St. 289; Wood on Ins. (2 ed.), pp. 938, 939.

*How notice of loss given.*

Notice in four days has been held "immediate," and the policy of insurance in this case required immediate notice of loss.  *Hoffecker* v. *N. C. C. M. Ins. Co.* 5 Houston (Del.), 101.

By its action in sending to the appellee a blank form for proof of loss after the thirty days in which pooof was to be made, and receiving the proof when made, without objection, so far as appears from the proof, the company waived the failure to make proof within the thirty days, and cannot be heard now to object on that account. "Courts are always prompt to seize hold of any circumstances that indicate an election to waive a forfeiture, or an agreement to do so, upon which the party has relied and acted."  The company is estopped from enforcing the forfeiture.  *Insurance Co.* v. *Eggleston*, 96 U. S. 572; *German Ins. Co.* v. *Gibson*, 53 Ark. 494 ; *Burlington Ins. Co.* v. *Kennerly*, 60 Ark. 532.

*Sufficiency of proof of loss.*

Proof of loss may be waived by parol, though policy requires it to be in writing.  *Ib.*

*Waiver of forfeiture by proof.*

The temporary absence of the tenant at the time of the fire did not work a forfeiture, the policy having provided that if the house was allowed to become unoc-

*Temporary absence works no forfeiture.*

8

cupied, the policy should be forfeited.   May on Ins. secs. 248, 249 *d*;  Wood on Fire Ins. 215, sec. 91.

Who may
sue on policy.      Was it competent for the appellee to maintain this action alone?   We think not.   The policy provides that the loss, if any, shall be paid to the Jarvis-Conklin Mortgage Company, absolutely; not as its interests may appear, as is frequently provided in such cases, but the whole amount of the loss is made payable to it.   The policy is, in effect, assigned to it, and the legal title is in it.

It, therefore, or its assignee, is the party entitled to sue and recover for the loss on this policy.   While the Mortgage Company is entitled to sue and recover the entire loss, the assured (the appellee) may properly be made a party to protect his interest in the policy.

If the policy had been made payable to the mortgagee as its interest might appear, and it did not appear that its interest was greater or as great as the loss, the assured would be the proper party to sue; but if the policy is payable absolutely to the mortgagee, then the assured can sue only with the express consent of the mortgagee (*Coates* v. *Penn. F. Ins. Co.* 58 Md. 172), unless the assured had paid or extinguished the mortgage debt before suit.   *Baltis* v. *Dobin*, 67 Barbour, 507; 2 May on Ins. sec. 449; *Ennis* v. *Harmony Fire Ins. Co.* 3 Bosw. (N. Y. Superior Court) 516.

The policy of insurance in this case is for one thousand dollars; the mortgage on the property is for five hundred dollars, as shown by the proof in the case; and it is apparent that the assured has an interest to the extent of the surplus, after the mortgage debt shall have been satisfied.

The judgment is reversed, and the cause is remanded with leave to the appellee to make the holder of the mortgage a party, and for a new trial.

Battle, J., absent.