MINNEAPOLIS FIRE & MARINE MUTUAL INS. CO. v. FULTZ.

Opinion delivered April 16, 1904.

1. FIRE INSURANCE—PROOF OF LOSS OF PERSONALTY—ESTOPPEL.—Where a fire insurance company, through its adjuster, accepted the inventory of the personal property destroyed by fire that was furnished by the insured, it is estopped from denying its sufficiency. (Page 368.)

2. SAME—PROOF OF LOSS OF REALTY.—Under Acts 1899, p. 112, providing that a fire insurance policy, in case of a total loss, shall be considered a liquidated demand against the insurer, except as to personal property, where a house insured against fire was totally destroyed, no proof of its value was necessary. (Page 368.)

Appeal from Ouachita Circuit Court.

CHARLES W. SMITH, Judge.

Affirmed.

*Dodge, Johnson, Carroll & Pemberton, Cantrell & Lough-borough,* for appellants.

There was no denial of liability. 60 Miss. 302. There was no waiver of proof of loss. 83 Tex. 113; 75 Wis. 198; 106 Mich. 204; 134 Pa. 570; 60 Mo. 673; 66 Pa. 9; 40 Pa. 311; 40 Mo. App. 276; 101 Ill. 621; 8 Bosw. 503; 40 Pa. 324; 2 Pet. 53; 67 Ark. 589. The fact that plaintiff's attorney was not at home is no excuse for his failure to furnish proof of loss. 22 Ind. 73; 35 La. Ann. 353; 10 Hun, 593; Ostr. Ins. § 230; 23 Or. 576; 10 Fed. 347.

*Smead & Powell, Gaughan & Sifford,* for appellee.

Objections to proof of loss must be made in a reasonable time. Ostr. Ins. 224. The objections to proof of loss should have been specific. 13 Am. & Eng. Enc. Law (2d Ed.), 339; 53 Ark. 494; 40 S. W. 831; 176 Pa. St. 579; 72 Ia. 176. If the only difference was the value or quantity of property, defects in the proofs are waived. 31 Conn. 194; 62 Mo. App. 520. No proof of loss was required. 10 So. Dak. 271; 35 L. R. A. 227; 3 L. R. A. 21.

BATTLE, J. On the 14th day of June, 1899, the Minneapolis Fire & Marine Mutual Insurance Company, in consideration of the sum of $68.75 received by it, insured D. W. Fultz, for the term of one year from the 19th day of June, 1899, against all direct loss or damage by fire, for an amount not exceeding $2,500, to a certain frame building in the town of Bearden, in this state, and certain household furniture and utensils—$2,000 on the building and $500 on the other property. On the 2d day of March, 1900, the property insured was totally destroyed by fire. On the 10th day of October, 1900, Fultz sued the insurance company on its policy of fire insurance for the $2,500. The defendant denied plaintiff's right to recover because he failed to comply with the following condition contained in the policy:

"If a fire occur, the insured shall give immediate notice of any loss thereby in writing to this company, protect the property from further damage, forthwith separate the' damaged and undamaged personal property, put it in the best possible order, make a complete inventory of the same, stating the quality and cost of each article and the amount claimed thereon; and within sixty days after the fire, unless such time is extended in writing by this company, shall render a statement to this company, signed and sworn to by said insured, stating the knowledge and belief of the insured as to the time and origin of the fire; the interest of the insured and of all others in the property; the cash value of each item thereof and the amount of loss thereon; all incumbrances thereon; all other insurance, whether valid or not, covering any of said property; and a copy of all the descriptions and schedules in all policies; any changes in the title, use, occupation, location, possession, or exposures of said property since the issuing of this policy; by whom and for what purpose any building herein described and the several parts thereof were occupied at the time of the fire, etc.   No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements."

The plaintiff recovered judgment for the $2,500, and the defendant appealed.

The issues in the case were tried by the court sitting as a jury.   Evidence was adduced tending to prove the following facts:   The house, furniture and utensils were insured by the appellant for the time and amount stated.   The property insured was totally destroyed by fire on the 2d day of March, 1900.   On the 13th day of March, 1900, appellee sent the following statement or notice to the appellant:

"Bearden, Ark., March 13, 1900.—To the Minneapolis Fire & Marine Mutual Insurance Co., Minneapolis, Minn.:   This is to notify you that the building and furniture situated at Bearden, Arkansas, covered by your policy No. 70259, issued on the 19th day of June, 1899, was totally destroyed by fire on the 2d day of March, 1900.   The building was built of lumber and shingles at a cost of about $4,500.   D. W. Fultz."

This was sworn to, and was mailed by the insured's attorneys to the insurer.

In a short time thereafter appellant's adjuster arrived at Bearden, and demanded a statement of the furniture and utensils destroyed by fire. Appellee furnished him with the statement, showing the value of each article or property, amounting, in the aggregate, to $1,500. He accepted the statement, and expressed himself as satisfied with it, and willing to allow the amount of insurance on the personal property, but said he was not satisfied as to the value of the house. He caused the value of the building, and what it would cost to replace it, to be estimated by one McDonald. He returned to his home. Appellee, believing that appellant would make good his loss according to its policy, looked for a check for the amount thereof by every mail, until sometime about the last of April, 1900, he received a letter from the adjuster, dated April 23, 1900, enclosing the statement or notice of the 13th of March, 1900, and saying that such statement was insufficient, and demanding proof of loss according to the policy. The sixty days allowed by the policy for making proof of loss had then about expired, and no additional proof was furnished.

The evidence tended to prove that appellant, through its adjuster, accepted the statement or inventory of the personal property destroyed by fire that was furnished to the adjuster at Bearden, and waived all other proof of the loss thereof, and that it is estopped from denying its sufficiency.

No proof of the value of the house was necessary. Under the statutes of this state, the insurance company was bound to pay the amount of the insurance on the house, it being totally destroyed by fire. Acts of 1899, p. 112.

Judgment affirmed.