NATIONAL UNION FIRE INSURANCE COMPANY v. WHITTED.

Opinion delivered March 12, 1923.

1. INSURANCE—PROOF OF LOSS—WAIVER.—Evidence that immediately after a fire plaintiff notified the insurer's local agent and its home office, and listed the household goods destroyed, showing the value of each item, and, at the request of the insurance adjuster, furnished an itemized statement of the cost of rebuilding the house, *held* sufficient to go to the jury on the question of waiver of proof of loss, the adjuster having made no objection to the form or manner in which proof of loss was presented.

2. WITNESSES—DISCRETION TO PREVENT REPETITION.—When a witness was asked and answered a question, it was not error to exclude a second question substantially the same; it being within the court's discretion to prevent unnecessary repetition in taking testimony.

Appeal from Lee Circuit Court; *J. M. Jackson,* Judge; affirmed.

*George E. Neuhardt* and *Prewitt Semmes,* for appellant.

Court erred in refusing to permit insured to be examined as to cost and date of purchase of items of personal property. *Rosenstein* v. *Railroad,* 78 Conn. 29; 60 Ark. 1061; *Hanley* v. *Chicago, Milwaukee & St. Paul Ry. Co.,* 154 Iowa 60, 134 N. W. 417. Evidence insufficient to go to jury on question of waiver. *Burlington Ins. Co.* v. *Kennerly,* 60 Ark. 532, 31 S. W. 155; *Phoenix Ins. Co.* v. *Flemming,* 65 Ark 54, 44 S. W. 464. *Commercial Fire Ins. Co.* v. *Waldron,* 88 Ark. 120, 120 S. W. 210.

*Bogle & Sharp,* for appellee.

Proof of loss waived. *Queen of Ark. Ins. Co. v. Malone,* 111 Ark. 229; *German Ins. Co. v. Gibson,* 53 Ark. 494; 94 Ark. 234; 72 Ark. 365; 94 Ark. 227; 108 Ark. 268; 111 Ark. 232. *Queen of Ark. Ins. Co. v. Forlines,* 94 Ark. 232. *American Ins. Co. v. Dannehower,* 89 Ark. 115. Verdict properly directed. 117 Ark. 81.

HUMPHREYS, J. This is a suit to recover $3,000 on a fire insurance policy issued August 27, 1920, by appellant company to appellee, indemnifying him for a period of three years against loss by fire to his dwelling in the sum of $2,000 and to his household and kitchen furniture in the sum of $1,000.

Appellant filed an answer, denying liability.

The cause proceeded to a hearing upon the pleadings and testimony, at the conclusion of which each party asked a directed verdict. The court thereupon directed the jury to return a verdict in favor of appellee for $3,000 with interest at 6 per cent. from September 25, 1921, and a penalty of 12 per cent., which was done. The judgment was rendered in accordance with the verdict, from which an appeal has been duly prosecuted to this court.

Appellant contends for a reversal of the judgment upon two grounds. First, the insufficiency of the evidence to go to the jury upon the waiver of the proof of loss. Second, refusal of the court to permit questions as to the cost and date of the purchase of the several items of the personal property.

(1) On December 25, 1921, the house and furniture were completely destroyed by fire. Appellee failed to furnish proof of the loss within sixty days after the fire, in the manner provided by the policy. The failure to do so was interposed by the appellant company as a defense to the suit. Appellee admitted that he did not file proof of loss, but claimed that the adjuster for the company waived the requirement. The record reflects that, immediately after the fire, appellee notified the local agent

of appellant and W. B. Frith, cashier of the Bank of Wheatley, of his loss, who in turn notified the company; that, at the suggestion of Mr. Frith, appellee made an itemized list of the personal property destroyed, in a small book, noting the value of each item, the total amounting to $2,257.88; that, in response to the notice and within three weeks after the fire, R. E. L. Turner, the adjuster of the company, viewed the place, in the absence of appellee, where the property was destroyed, and left a letter requesting him to come to Memphis to discuss the question of settlement; that during the meeting in Memphis the adjuster asked him if he had an itemized list of the property, to which he replied that he did, and showed him the book containing the list theretofore prepared; that the adjuster said the company could not be expected to pay the price of new goods for old, to which appellee responded that he did not expect it to do so, for the loss was three times as much as the property was insured for; that the adjuster then instructed appellee to furnish him with an itemized statement of what it would cost to rebuild the house, which was done, but made no further request concerning the list of personal property shown him. We think the conversation and conduct of the adjuster led appellee to believe that no further formality would be required concerning the proof of loss. A complete list of the personal property destroyed was shown the adjuster, and no objection was made as to form and manner in which it was presented. Appellee was not asked to verify it by oath. In fact, he was led to believe it was satisfactory by the adjuster's suggestion to make up an itemized statement of the cost necessary to rebuild the house. In reference to the personal property, appellee had done what he intended and thought was a satisfactory compliance with the requirements of his policy in respect to the proof of loss, and the adjuster should have notified him of any objection thereto. Silence on his part, under the circumstances, was calculated to mislead appellee to his disadvantage, and constituted

a waiver of additional proof of loss. *Gould* v. *Dwelling-house Ins. Co.,* 134 Pa. St. 570; *Hartford Fire Ins. Co.* v. *Enoch,* 79 Ark. 475; *Business Men's Accident Assn.* v. *Cowden,* 131 Ark. 419.

(2) In answer to an interrogatory of counsel for appellant, on cross-examination, appellee made the following answer: "I could not tell the cost price of the articles on the list, but the values set down on the list are about the market values. I placed the value on the list. I cannot tell how old the majority of the property was, some of it was twenty-odd years old." After this information had been elicited, the same question, in substance, was repeated, and, over the objection of appellant, it was excluded by the court. In the exercise of a sound discretion, the court may prevent unnecessary repetitions in taking testimony, and we are unable to say that the court's discretion was abused in sustaining the objection to the second question touching the same subject-matter.

No error appearing, the judgment is affirmed.