HARTFORD FIRE INSURANCE COMPANY *v.* FERGUSON.

Opinion delivered February 21, 1927.

1. INSURANCE—WAIVER OF PROOF OF LOSS.—The insured may prove by parol testimony that proof of loss by fire was waived by the conduct of the insurer, notwithstanding the insured signed an agreement that any action by insurer in investigating the cause of the fire and in ascertaining the amount of the loss should not waive rights of either party.

2. INSURANCE—WAIVER OF PROOF OF LOSS—JURY QUESTION.—Whether the proof of loss required by the terms of a fire insurance policy was waived by the conduct of the insurer's agent *held* under the evidence for the jury.

Appeal from Monroe Circuit Court; *George W. Clark,* Judge; affirmed.

*J. A. Watkins,* for appellant.

*Bogle & Sharp,* for appellee.

WOOD, J. This is an action by the appellees against the appellant to recover damages for the loss by fire of a stock of merchandise, furniture and fixtures on a policy issued by the appellant to appellee, S. W. Ferguson.

The only issue here is whether or not the appellant waived the provision of the policy concerning proof of loss. The policy contained the following provision:

''If fire occurs, the insured shall, within sixty days after the fire, unless such time is extended in writing by the company, render a statement to this company, signed and sworn to by the assured, stating the knowledge and

belief of the insured as to the origin of the fire; the interest of the assured and all others in the property; the cash value of each item thereof and the amount of loss thereon; all incumbrances thereon; all other insurance, whether valid or not, covering any of said property; and a copy of all the descriptions and schedules in all policies; any change of title, use, occupation, location, possession or exposures of said property since the issuing of this policy, by whom and for what purpose any building herein described and the several parts thereof were occupied at the time of the fire.''

Appellee, Ferguson, testified substantially as follows: He notified the insurance company of the fire, and in a day or two the adjuster came over. He and the witness were in the building where the fire had been for possibly two hours, checking over the stuff. Witness took an inventory in October before the fire in November. This inventory was introduced in evidence, and showed a total valuation of merchandise of over $3,000, and the value of witness' fixtures destroyed by fire was over $2,000. The adjuster examined the stock of goods that had been partially destroyed by the fire. Witness asked the adjuster, after handing him the inventory and telling him of the loss of the fixtures, if there were anything else witness could do. The adjuster stated that he would be back in ten days or two weeks. Witness waited two or three weeks, and did not hear from the adjuster. Witness then took the matter up with the appellant's agent in Little Rock, trying to get the adjuster to come back. He did not come back. The appellee made purchases of something like $500 between the time of taking the inventory until the fire. He gave the inventories of these purchases to the agent of the insurance company, and they were afterwards sent back to the appellee. When the adjuster came he went over everything carefully, took the inventory, and the appellee gave him the list of creditors that he owed and those he had bought goods from. He thought the adjuster got everything that was necessary. Witness did not think that he had to furnish

the company anything after he furnished the inventories to the adjuster and asked him if there were anything else he could do to help settle the matter, when he said that he would be back in two weeks. The witness signed a non-waiver agreement to the effect that any action taken by the insurance company in investigating the cause of the fire and ascertaining the amount of the loss and damage to the property shall not waive or invalidate any rights of either party, the intent of the agreement being to preserve the rights of all parties and to provide for an investigation of the fire and the amount of the loss or damage, without regard to the liability of the insurance company. Witness did not make up any additional list or proof of loss and did not do anything more with reference thereto than as above set forth.

The adjuster testified, on behalf of the appellant, that he did not make Ferguson any promise to come back and settle up his insurance. The appellant asked the court to give the following instruction, which is a copy of the provision of the policy as to proof of loss, and concludes as follows:

"If the plaintiff failed to furnish to the defendant company a statement like the foregoing within sixty days after the fire, then your verdict will be for the defendant."

The court modified the instruction by adding thereto the following words:

"Unless you further find that such proof of loss was waived by the defendant company, through its adjuster's representations claimed by the plaintiff to have been made to him on the occasion of the visit of the adjuster Overstreet shortly after the fire occurred."

The appellant excepted to the ruling of the court in refusing the above instruction as asked and in modifying the same and giving it as modified.

This court, in a long line of cases, has held that, notwithstanding the written non-waiver agreement signed by the assured and the insurer, the assured may prove by parol testimony that the proof of loss was waived by

the conduct of the insurer. *Burlington Fire Ins. Co.* v. *Kennerly,* 60 Ark. 532, 31 S. W. 155; *Burlington Fire Ins. Co.* v. *Lowry,* 61 Ark. 108, 32 S. W. 383; *German Amer. Ins. Co.* v. *Humphrey,* 62 Ark. 348, 35 S. W. 428; *Arkansas Mutual Fire Ins. Co.* v. *Witham,* 82 Ark. 226, 101 S. W. 721; *Queen of Ark. Ins. Co.* v. *Malone,* 111 Ark. 230, 163 S. W. 771. The court ruled correctly in submitting to the jury the issue as to whether or not the proof of loss had been waived by the conduct of the appellant through its agent, the adjuster. The conduct of this agent justified the jury in finding that the appellant had waived the provisions of the policy requiring the formal proof of loss therein stipulated. The jury might have found that the conduct of the adjuster was tantamount to saying to the appellee that he had done all that was necessary and all that he could do to prove his loss. The appellee furnished the adjuster, who had the authority to adjust losses for the appellant, an inventory of the goods which had been damaged and lost, and asked the adjuster if there were any other information that he could furnish him in order to enable the company to settle. The adjuster led the appellee to believe that there was nothing further he could do at that time, and that he (the adjuster) would return in ten days or two weeks, which he never did, although the appellee requested him to do so.

As was said in the case of *Minneapolis Fire, etc., Ins. Co.* v. *Fultz,* 72 Ark. 365, 80 S. W. 576:

"The evidence tended to prove that appellant, through its adjuster, accepted the statement or inventory of the personal property destroyed by fire that was furnished to the adjuster at Bearden, and waived all other proof of loss thereof, and that it is estopped from denying its sufficiency."

See also the recent case of *National Union Fire Ins. Co.* v. *Whitted,* 157 Ark. 515, 248 S. W. 560, where we said:

"In reference to the personal property, appellee had done what he intended and thought was a satisfactory compliance with the requirements of his policy in respect

to the proof of loss, and the adjuster should have notified him of any objection thereto.   Silence on his part, under the circumstances, was calculated to mislead appellee to his disadvantage, and constituted a waiver of additional proof of loss.''

In that case the assured had furnished a complete list of the personal property destroyed by fire, and no objection was made to the form and manner in which it was presented.

The record presents no error in the rulings of the trial court, and its judgment is therefore affirmed.