McCULLOUGH *et al.* v. THE PHŒNIX INSURANCE COMPANY, *Appellant.*

Division Two, January 31, 1893.

1. **Fire Insurance:** POLICY: PROOF OF LOSS. The provision in a fire insurance policy requiring proof of loss is a condition precedent and there can be no recovery on the policy unless the condition has first been complied with or has been waived or an estoppel has arisen against the company.

2. ———: ———: ———: AGENCY. Where one as appears by an indorsement on the policy is the agent of the company at the time of its issuance, it will be presumed in absence of evidence to the contrary that his agency existed when the loss occurred and delivery to him of the proof of loss will be deemed delivery to the company.

3. ———: ———: ———: ———. Where the proofs of loss were not objected to by the company's agent to whom they were delivered and who filled them out on one of its blank forms, it will not be heard to say when sued on the policy that the proof of loss was not in proper form.

McCullough v. The Phœnix Ins. Co.

4. ——: ——: ——: ——: EVIDENCE. Conversations had by the insured with the company's agent in regard to the proof of loss and appraisement are competent evidence on such trial.

5. ——: ——: ——: ——: HARMLESS ERROR. While it is incompetent to establish the fact of an agency by the mere declarations of the alleged agent, yet the judgment will not be reversed for such error especially where the trial was before the court sitting as a jury and it does not appear that the improper admission of the evidence affected the result.

6. ——: ——: PLEADING: WAIVER. Where in an action on an insurance policy the petition avers that all the conditions of the policy have been complied with, proof of waiver by defendant of proof of loss is admissible and is proof of performance within the meaning of the conditions of the policy.

7. ——: ——: APPRAISEMENT. Where the conduct of the company's appraiser in refusing to agree on an umpire to determine the amount of the loss is inexcusable and virtually amounts to a refusal to proceed with the appraisement, the fact that such appraisement was not concluded before suit was brought as required by the policy will not bar the action thereon.

8. Practice: NEW TRIAL. The granting or refusal of a new trial rests peculiarly within the discretion of the trial court, and, unless it is manifest its discretion has been abused or that injustice has been done, its ruling will not be disturbed.

9. ——: EXCESSIVE JUDGMENT: REMITTITUR. A judgment will not be reversed because excessive, where the respondent has entered a proper *remittitur* in the appellate court.

*Appeal from Howard Circuit Court.*—HON. JOHN A. HOCKADAY, Judge.

AFFIRMED.

*Campbell & Ryan* for appellant.

(1) The provision of the policy pleaded in the answer respecting proofs of loss constituted in law a warranty, a condition precedent; a breach of which absolutely extinguished plaintiff's right to recover for any loss of property covered by the policy. Hence,

proof by plaintiffs that they had complied with this condition and furnished defendant with such proof of loss was essential to their recovery in this case. *Ins. Co. v. Kyle*, 11 Mo. 278; *Noonan v. Ins. Co.*, 21 Mo. 81; *Sims v. Ins. Co.*, 47 Mo. 54; *Erwin v. Ins. Co.*, 24 Mo. App. 145; *Leigh v. Ins. Co.*, 37 Mo. App. 542; *Hicks v. Ins. Co.*, 6 Mo. App. 254; *Johnson v. Ins. Co.*, 112 Mass. 49; *Dolliver v. Ins. Co.*, 131 Mass. 39; *O'Brien v. Ins. Co.*, 63 N. Y. 108; *Ins. Co. v. Updegraff*, 40 Pa. St. 311; Wood on Fire Insurance [2 Ed.] p. 954; May on Insurance [3 Ed.] sec. 460; *Gould v. Ins. Co.*, 21 Insurance Law Journal (Mich.), 328, 330; *Burlington Co. v. Ross*, 21 Insurance Law Journal (Kan.), 799–803–4. (2) There could be no proof that defendant had waived compliance by plaintiffs of the condition requiring proofs of loss as no such waiver was pleaded; the plaintiffs having alleged performance of this condition, both in the petition and reply. Hence the court below erred in admitting the agreement to appraise offered by the plaintiffs for the purpose of proving waiver, against the specific objection of defendant. *Ehrlich v. Ins. Co.*, 103 Mo. 231; *Lanitz v. King*, 93 Mo. 513; *Nichols v. Larkin*, 79 Mo. 265; *Bank v. Hatch*, 78 Mo. 13; *Mohney v. Reed*, 40 Mo. App. 99; *Ray v. Boeteler*, 40 Mo. App. 213; *Eiseman v. Ins. Co.*, 74 Iowa, 11; Bliss on Code Pleading [2 Ed.] sec. 302, p. 446; *Ins. Co. v. Johnson*, 21 Insurance Law Journal (1892), 911. (3) *First.* Should this court hold that this evidence of waiver was admissible under the pleadings, then we submit that the agreement to appraise did not tend to show waiver of proofs of loss, and defendant's objection on that ground should have been sustained. 2 Wood on Fire Insurance [2 Ed.] pp. 944, 973, 978–9. *Cook v. Ins. Co.*, 70 Mo. 610; *Noonan v. Ins. Co.*, 21 Mo. 81; *Maddox v. Ins. Co.*, 39 Mo. App. 198; *Leigh v. Ins. Co.*, 37 Mo. App. 542; *Hanna v. Ins.*

*Co.,* 36 Mo. App. 538; *Colonias v. Ins. Co.,* 3 Mo. App. 56; *Engebretson v. Ins. Co.,* 58 Wis. 301; *Blossom v. Ins. Co.,* 64 N. Y. 162; *Pettingill v. Hinks,* 9 Gray, 169; *Williams v. Ins. Co.,* 19 Insurance Law Journal, 26. *Second.* The rule being that waiver only takes place when there has been such conduct on the part of the insurer as creates an estoppel, "it does not arise by implication alone, nor except from some conduct by one party which leads or justly may lead, in reliance upon it, another party to believe a certain cause of action or non-action on his part will fulfill all his obligations to the first party, so that to allow the first party to disappoint the expectation or belief founded upon and induced by his conduct would be a fraud." May on Insurance [3 Ed.] sec. 507. *Third.* Mere silence by the defendant with respect to demanding proofs of loss could not be a waiver. *Ins. Co. v. Kyle,* 11 Mo. 278; *Mueller v. Ins. Co.,* 82 Pa. St. 399; *Ins. Co. v. Oates,* 18 Insurance Law Journal, 761. (4) The defendant's objections to plaintiff's testimony concerning Spotts & Elkin should have been sustained. There was no evidence given, direct or inferential, that they were defendant's agents. Their statements made in letters claimed by plaintiff to have been written to him by them (and subsequently destroyed), were incompetent —as "the declarations of one who assumes to act as the agent of another, are not admissible to establish the agency." *Mitchum v. Dunlap,* 98 Mo. 418; *Peck v. Ritchie,* 66 Mo. 114; *Diel v. Railroad,* 38 Mo. App. 454; *Francis v. Edwards,* 77 N. C. 271. The judgment is without evidence to support it, and, therefore, although the action is at law, should be reversed by this court on appeal. *Avery v. Fitzgerald,* 94 Mo. 207; *Garrett v. Greenwell,* 92 Mo. 120; *State v. Hunt,* 91 Mo. 490; *Blackwell v. Adams,* 28 Mo. App. 61.

*A. J. Herndon* and *Draffen & Williams* for respondents.

(1) The policy does not provide that the proofs should be delivered at the home office of the defendant or to any particular officer or agent. It was therefore sufficient for the plaintiffs to submit such proofs to the defendant's agents at Fayette. *Moore v. Ins. Co.*, 56 Mo. 343; 2 Wood on Fire Insurance [2 Ed.] sec. 439, p. 936; *Scheiderer v. Ins. Co.*, 58 Wis. 13; *Franklin v. Ins. Co.*, 42 Mo. 456. (2) There was evidence to show that Spotts & Elkin to whom plaintiffs' testimony showed that proofs of loss were delivered, were defendant's agents. The policy sued on was countersigned by Elkin as defendant's agent. "Notice of loss to the agent of the insurer is, in the absence of knowledge on the part of the assured of the revocation of his agency, notice to the insurer." 2 Wood on Fire Insurance, [2 Ed.] p. 929, note 1. (3) The plaintiff, Geo. T. McCullough, testified that he delivered to the defendant's agents at Fayette proofs of loss; that the papers were prepared by said agents. This was sufficient without evidence upon plaintiff's part as to the contents of the proofs. *Hinkin v. Ins. Co.*, 50 N. Y. 657. (4) The proofs were made out by defendant's agents and upon its regular blanks, and after the same were received by said agents, it ought not to be heard now to say that they were not in proper form. *Franklin v. Ins. Co.*, 42 Mo. 456; *Sims v. Ins. Co.*, 47 Mo. 54. (5) It is immaterial, however, whether formal proofs of loss were made or not. The defendant clearly waived such proofs, if they were not made. (6) "When the insurer or its agent enters into an arbitration with the insured, before notice or proofs of loss have been served, the rule is that such submission is a waiver of notice or proofs of loss." *Gale v. Ins. Co.*, 33 Mo. App. 664;

McCullough v. The Phœnix Ins. Co.

*Carroll v. Ins. Co.*, 13 Pac. Rep. 863; 2 Wood on Fire Insurance [2 Ed.] sec. 458, p. 1016; *Mentz v. Ins. Co.*, 79 Pa. St. 478; *Allemania Fire Ins. Co. v. Pittsburgh Exposition Society*, 10 Cent. Rep. 292. (7) The defendant's objection that evidence of waiver was inadmissible under the pleadings is not well taken. The following cases sustain the ruling of the lower court: *Ins. Co. v. Kyle*, 11 Mo. 278; *Russell v. Ins. Co.*, 55 Mo. 585; *Schultz v. Ins. Co.*, 57 Mo. 331; *Okey v. Ins. Co.*, 29 Mo. App. 105; *Travis v. Ins. Co.*, 32 Mo. App. 198; *Maddox v. Ins. Co.*, 39 Mo. App. 198; *Roy v. Boteler*, 40 Mo. App. 213. (8) The fact that the arbitrators failed to agree upon an appraisement cannot defeat this action. *Bishop v. Ins. Co.*, 130 N. Y. 488; *Uhrig v. Ins. Co.*, 101 N. Y. 362. The plaintiffs did all they were required to do in reference to the appraisement, and, even if the arbitration failed without fault upon the part of the arbitrators or of defendant, still when it could not be carried out, because of the disagreement of the arbitrators, as neither party required a new arbitration, the plaintiffs were entitled to bring this action. "A claimant under such a policy cannot be tied up forever without his fault and against his will by an ineffectual arbitration." *Uhrig v. Ins. Co.*, 101 N. Y. 362. · (9) The plaintiffs were not bound to await an appraisement before instituting their action, as the proof showed that the building insured was wholly destroyed. Under the statute in force when the policy was issued, the amount written in the policy was to be taken as the amount of the loss. Statutes of 1879, sec. 6009, p. 1180; *Ins. Co. v. Leslie*, 9 Am. Law. Rep. 45; *Thompson v. Ins. Co.*, 43 Wis. 459; *Barnard v. Ins. Co.*, 38 Mo. App. 106.

BURGESS, J.—Suit on a policy of insurance. Defendant insured plaintiffs, from noon on the twen-

tieth of August, 1889, to noon on the twentieth of August, 1890, to the amount of $2,500, against loss or damage by fire to a dwelling house belonging to them in Howard county, Missouri. The building was destroyed by fire on the thirty-first of January, 1890.

The petition alleges that all the terms and conditions of the policy were complied with. The defense is bottomed on an alleged failure to comply with the conditions of the policy, which required "proof of loss" and also with another provision with reference to the appraisement of the amount of the loss or damage.

The policy contained the usual requirement, that the assured, in case of a fire, should give immediate notice and render a particular account of the loss, signed and sworn to. And also that the defendant company might examine the books of account and vouchers of the assured; make extracts from the same, and if required, that the assured should submit to one or more examinations, under oath, and sign same when reduced to writing; and until sixty days after the proofs, examinations and certificates should be rendered when an appraisal was required, the loss should not become payable.

The provision of the policy in reference to an appraisement is as follows:

"If differences of opinion arise between the parties hereto as to the amount of loss or damage, that question shall be referred to two disinterested men, each party to select one (and in case of disagreement, they to select a third), who shall ascertain, estimate and appraise the loss or damage, and the award of any two in writing shall be binding upon the parties hereto as to the amount of such loss or damage, and each party shall pay one half the expense of reference. When personal property is damaged, the assured shall put it in the best order possible, and make an inventory

thereof, naming the quality and cost of each article, and the amount claimed on each, and upon each article the damage shall be separately appraised in the manner above provided; detailed reports of the appraisers in writing, under oath, shall form a part of the proofs hereby required.   Any fraud or attempt at fraud or false swearing on the part of the assured shall cause a forfeiture of all claim under this policy."

The case was tried before the court, sitting as a jury, who found for plaintiffs in the sum of $2,992.50. No instructions were asked by plaintiff.   After filing the usual motion for new trial and its being overruled, the case was appealed.

The provision in the policy pleaded in the answer as to proof of loss  constituted a warranty, a condition precedent, and plaintiffs could not recover on the policy for the loss sustained, unless the conditions were first complied with, or waived by the defendant, or it is estopped from denying that the proofs were furnished. *Noonan v. Ins. Co.*, 21 Mo. 81; *Erwin v. Ins. Co.*, 24 Mo. App. 145; *Leigh v. Ins. Co.*, 37 Mo. App. 542; *Johnson v. Ins. Co.*, 112 Mass. 49; *O'Brien v. Ins. Co.*, 63 N. Y. 108; *Ins. Co. v. Updegraff*, 40 Pa. St. 311. There is no provision in the policy as to where the proofs of loss should be delivered or to whom.  Defendant's counsel contend that the defendant had no agent in Howard county to whom the proofs could have been delivered and that they were never delivered at the general office of defendant.   The policy was countersigned by J. J. Elkin, agent, and was dated at Fayette, Missouri, on the twentieth day of August, 1889.

Plaintiff George McCullough testified in his examination in chief that he did make out the proofs of loss as provided for by the policy, and that he delivered them to Spotts & Elkin, agents of defendants, but that

he did not know which one.   On his cross-examination plaintiff was asked the following questions:

"*Q.* At what date did you make and deliver to Spotts & Elkin, at Fayette, Missouri, proof of loss by fire under your policy?   *A.* I don't know.   I remember of signing a document for that purpose in the Davis Bank at Fayette, Missouri.   Exact date not known.

"*Q.* Who filled out that blank which you say you signed and delivered to Spotts & Elkin?   *A.* If I remember correctly, Elkin filled it out."

Elkin was, at the time of issuing the policy, the agent of defendant as shown by the indorsement on it, and as there was no evidence to show to the contrary, and that if his agency had ever in fact been revoked that it was brought to the knowledge of plaintiff, then the delivery to him was delivery to the appellant.   *Franklin v. Ins. Co.*, 42 Mo. 456; *Moore, Assignee, v. Ins. Co.*, 56 Mo. 343; 2 Wood on Fire Insurance [2 Ed.] sec. 439, p. 936.

Plaintiff further stated that Elkin wrote to him that there would have to be papers made out before the loss could be adjusted; that the letter was destroyed; that he made application to the local agent for the purpose of filing proof of loss, and there were papers made out afterwards, considered to be proofs of loss, signed and delivered to the agent, and that he made no objections whatever thereto.

On the twentieth day of March, 1890, plaintiff, George T. McCullough, met in Fayette W. C. Butterfield, the adjusting agent of the defendant, when he stated to plaintiff that he was not ready to settle the loss without having the property appraised.   He made no objection to settling on the ground that the proofs of loss had not been furnished.   It was then that plaintiff entered into the agreement with Butterfield as the agent of defendant to have the property appraised.   It

seems impossible that Butterfield should not have known at this time that the proofs of loss had been made out and left with agent Elkin. It does not appear that he had learned of the loss in any other way or from any other source, and the conclusion that he learned it from Elkin is irresistible. He was not made a witness, and there is nothing to rebut this conclusion.

Not only this, but it is manifest that plaintiff in his testimony, when speaking of the agent of defendant, had reference all the time to Elkin, with whom the business from its inception had been transacted, and we cannot say that there was not sufficient evidence to justify the court in refusing the first instruction asked by defendant in the nature of a demurrer to the evidence. If Elkin was the agent of defendant, this evidence was admissible. While it is true that one person cannot make himself the agent of another by his bare statements that he is the agent, there was undisputed evidence in this case that Elkin was at the time of the issuing the policy defendant's agent, and the presumption is that he continued to be such until the contrary was shown, and no evidence of that character was offered. Mechem on Agency, sec. 224. The conversations therefore that plaintiff had with him in regard to the proofs of loss and the adjustment of the loss were properly admitted in evidence.

The proofs of loss were never objected to by defendant's agent to whom they were not only delivered, but made out on one of its blanks by him, and defendant cannot now be heard to say that they were not in proper form. *Franklin v. Ins. Co.*, 42 Mo. 456; *Sims v. Ins. Co.*, 47 Mo. 54; *Hincken v. Ins. Co.*, 50 N. Y. 657.

The objections by defendant to the admission of the statements and acts of Spotts were well taken and should have been sustained. There was no evidence whatever that he was ever at any time the agent of

defendant, and his bare statements to that effect could not make him such; something more was required. In order to have made his statements admissible against defendant, it should have been shown that he had been appointed its agent, acted in that capacity in this matter with its knowledge and consent or that it ratified or approved his acts after it had learned that he had been acting as its agent. This case, however, was tried before the court without the aid of a jury, and the same rigid rules in regard to the admission and exclusion of evidence ought not be enforced as if the case had been tried before a jury, for it is not to be presumed that the court would, in its deliberation and judgment, have been influenced by evidence of this character, while a jury might have been misled thereby. It is not conceived how the admission of these statements of Spotts and of his acts could possibly have had any effect on the result of this case, and the judgment ought not to be reversed because of this improper admission of evidence.

Defendant's counsel insists that proof of the waiver of the proofs of loss was inadmissible under the pleadings for the reason that it was not pleaded, and they cite a great many authorities, including adjudications of this court and elsewhere, to the effect that in cases of waiver for breaches of contract that the waiver should be pleaded. This is unquestionably the rule, even in this state, in regard to all kinds of actions except on policies of insurance, as the case at bar. It has been uniformly held by this court that under the allegations in the petition that all of the conditions of the policy had been complied with, proof of waiver is permissible, and is proof of performance, within the meaning of the conditions of the policy. *Ins. Co. v. Kyle*, 11 Mo. 278; *Russell v. Ins. Co.*, 55 Mo. 585; *Okey v. Ins. Co.*, 29 Mo. App. 105; *Travis v. Ins. Co.*,

32 Mo. App. 198; *Maddox v. Ins. Co.*, 39 Mo. App. 198; *Roy v. Boteler*, 40 Mo. App. 213.

The case was tried by the court on the theory that the proofs of loss must have been furnished according to the terms of the policy, as is manifest from the declaration of law given at the request of defendant to the effect that although the court might believe that the loss was total, plaintiffs were nevertheless required to furnish the proofs of loss. The court, by its finding and judgment, evidently came to the conclusion that the proofs of loss had been furnished according to the provisions of the policy, and we cannot say that the finding and judgment are wholly unsupported by the evidence.

Taking the view of the case that we do, as herein expressed, it becomes unnecessary to pass upon the question as to whether the agreement to submit to appraisers the value of the property was a waiver of the proofs of loss or not, as it is a matter of no consequence, and that question will only be considered in determining the question as to whether or not the suit was prematurely instituted. The policy does not provide that the report of the appraisers shall be made a part of the proofs of loss, that clause only applying to personal property. The policy contains this further provision:

"If differences of opinion arise between the parties hereto as to the amount of loss or damage, that question shall be referred to two disinterested men, each party to select one (and in case of disagreement, they to select a third), who shall ascertain, estimate and appraise the loss or damage, and the award of any two in writing shall be binding on the parties hereto as to the amount of such loss or damage, and each party shall pay one half the expense of the reference."

The answer alleges and the proof shows that there

was a difference of opinion as to the amount of the loss, and on the twenty-fourth day of March, 1890, the parties agreed in writing to submit the matter to two men, one to be selected by either party, and if they could not agree they were to select the third, whose report in writing should be binding. The policy also provides that no suit shall be brought until after the expiration of sixty days after the report was made. Plaintiff selected one Joseph McGraw and the defendant Samuel R. White. The appraisers could not agree as to the value of the property destroyed or the amount of damages sustained, nor could they agree on the third man. McGraw then suggested the names of four or five persons, some of whom resided in the county, some at Boonville and some at other points not far distant. White would not agree to either of them, and suggested the names of some others, living in St. Joseph, Kansas City and St. Louis, at least two hundred miles distant from where the fire occurred. McGraw would not agree to any of the persons suggested by White. White then left for Louisville, Kentucky, and did not return again. McGraw's objection to the persons suggested by White was because of the remoteness at which they resided from the place of the fire, and their want of knowledge of the value of the property in that locality, but White would not agree to any other person. His testimony was not taken in this case, nor is there any excuse offered for his refusal to accept some one of the persons as umpire that were suggested by McGraw. His course under the circumstances, to say the least of it, is not to be commended, was unreasonable, unjust and tantamount to a refusal to proceed with the appraisement. Justice and fair dealing did not require the plaintiffs to wait longer than they did before instituting their suit. *Bishop v. Ins. Co.*, 130 N. Y. 488; *Uhrig v. Ins. Co.*, 101 N. Y. 362.

There is no pretense that the loss was not an honest one. It was total, and the evidence clearly shows that the property burned was worth a much larger sum than that for which it was insured. And it appears that the defense is more technical than real.

The granting or refusing a new trial rests peculiarly within the discretion of the court, and unless it is manifest that it has abused its discretion, or that injustice has been done, its ruling will not be interfered with. *Bank v. Armstrong*, 92 Mo. 265; *McKay v. Underwood*, 47 Mo. 187; *McDonough v. Nicholson*, 46 Mo. 35; *Eidmiller v. Krump*, 61 Mo. 342.

The judgment was in excess of what the respondents were entitled to recover, but as they have entered a *remittitur* in this court for the excess, the judgment will be affirmed. All of this division concur.