JESSE W. McCOLLUM, Appellant, v. THE NIAGARA FIRE
INSURANCE COMPANY, Respondent.

St. Louis Court of Appeals, March 12, 1895.

1. **Insurance, Fire**: STRICT CONSTRUCTION OF FORFEITURES: CONDITION AS TO YEARLY INVENTORY OF STOCK. Provisions for forfeiture are strictly construed, and that construction will be adopted, if it is at all permissible, which will avoid a forfeiture. Accordingly, when a condition in a policy of fire insurance requires an inventory of stock to be taken at least once a year, the insured has a year from the date of the policy in which to make an inventory, though the policy runs for one year only.

2. ———: CONDITION FOR SAFE-KEEPING OF BOOKS: WAIVER. The breach of any condition in an insurance policy, and therefore the breach of a requirement for the safe-keeping of books of account, can be waived, and such waiver may be implied by the jury, when, after having knowledge of the breach, the adjuster of the insurance company, with the view to adjusting the loss, visits and examines the books and papers of the insured, and causes the insured to procure data for him under the provisions of the policy.

3. ———: WAIVER OF PROOFS OF LOSS. These acts on the part of the adjuster, coupled with his silence on the subject of proofs of loss, warrant the inference by the jury of the waiver of the right to such proofs.

4. ———: WAIVER OF CONDITIONS: PLEADING. A waiver of conditions of an insurance policy can be shown under a general allegation of performance.

*Appeal from the Stoddard Circuit Court.*—HON. JOHN G. WEAR, Judge.

REVERSED AND REMANDED.

*J. L. Fort* for appellant.

*Fyke, Yates & Fyke* and *Geo. Hauck* for respondent.

BIGGS, J.—This is an action on a policy of fire insurance. The petition is in the usual form, and

McCollum v. The Niagara Fire Ins. Co.

alleges performance by plaintiff of all the conditions stated in the policy. The policy is dated on the second day of December, 1891, and in it the defendant insured plaintiff's stock of drugs, whiskies, paints, oils, etc., against loss or damage by fire to the extent of $1,200. The policy, by its terms, expired at noon on the second day of December, 1892. The property was destroyed by fire on the night of the fifth of March, 1892.

The answer admits the execution of the policy, and, by way of defense, alleges that proofs of loss were required to be made within sixty days after the loss, but that the plaintiff failed to comply with this requirement, and it further alleges that the policy contained the following provision, to wit: "It is a part of the consideration for this insurance, and it is expressly warranted, that the assured above named shall take an inventory of the stock above described *at least once a year*, and shall keep correct books of account in detail, showing all purchases and sales of the same, and *shall keep all inventories and books in a fireproof safe*, or other place secure from fire, in said store, during the hours said store is closed for business, or this policy shall be void." The answer then avers a failure on the part of the plaintiff to comply with the foregoing conditions.

The replication contains simply a denial of the new matter.

At the conclusion of the plaintiff's evidence the court instructed the jury to return a verdict for the defendant, which was done, and a judgment was entered accordingly. From that judgment the plaintiff has appealed, and he complains of the instruction of the court.

Forfeitures are not favored, and all conditions or provisions in contracts providing for them must be strictly construed, and that construction must be adopted, if at all permissible, which will avoid a for-

feiture.    May on Insurance, section 170;  *Westchester Insurance Company v. Earle*, 33 Mich. 143.    Under this rule of construction the plaintiff was not  in  default as to the inventory at the time of the loss.    The language of the policy is that the assured  ''shall take  an inventory of the stock above described *at least once  a year*.'' The obligation to take the inventory could only run from the date of the policy, as no other was named, and therefore the. conclusion is unavoidable that plaintiff had the entire year thereafter within which to comply. It can not be helped, if such a construction renders the provision nugatory, or practically so.    The defendant had the making of the contract.    The requirement was solely for its benefit, and it  must submit to a construction most favorable to the assured.

Concerning the  books  and  their custody, the evidence tended to prove that the  plaintiff  had  a ledger and daybook which showed all purchases and payments for goods, and also the sales on credits;  that there was no cashbook, but the  daily sales were  kept by a cash register, which were  preserved  on slips of  paper, and that the purchases of whiskey were kept in  a  separate book.    The plaintiff admitted  that  he kept his book containing his  purchases of  whiskey on the top of the safe in the  store, and  that  it  was burned.    He also admitted that he left outside of the safe about one  half of the slips upon which were registered  the daily sales, and that they were  also  burned.    He stated  that the book was too large to go into the safe, and that the safe was filled with other papers, so that there was no room for all the slips.    The other books  were  kept  in the safe, and were not burned.

The failure of the plaintiff to keep all of his  books in his safe, or remove them to some other place of safety, must be conceded to have been a violation of the contract of insurance on his part.    But this, of  itself, did

not justify the instruction of the court, for the reason that the plaintiff's evidence tended to show a waiver of the forfeiture by the defendant. The violation of the conditions of the policy by the plaintiff did not render the policy absolutely void, but only made it voidable at the option of the defendant. 1 May on Insurance, sec. 216. It necessarily follows, and it is a principle that is universally recognized, that there may be a waiver by the insurer of the breach of *any* of the conditions of a policy, and such waiver may be implied from the acts and conduct of the company after knowledge of the forfeiture. *Ronald v. M. R. F. L. Ass'n,* 132 N. Y. 378; *Roby v. Ins. Co.,* 120 N. Y. 510; *Harrington v. Franklin Fire Ins. Co.,* 21 N. Y. Supp. Rep. 31; 2 Wood on Fire Insurance, p. 1151. There was evidence tending to prove that, when the defendant was notified of the loss, it sent its agent to Dexter for the purpose of adjusting it; that he was fully advised of the destruction of the book and the statements of the cash sales, and the place where they were kept; that he made no objection on account of it, but proceeded, with the assistance of the plaintiff's clerk, to go through the books and to examine the original invoices (which had been preserved) for the purpose of ascertaining and adjusting the loss; that they were engaged on the work two or three days, and that, after leaving, the adjuster wrote to the plaintiff to secure for him from the office of the collector of internal revenue at St. Louis a statement of all whiskies purchased, which the plaintiff did. The rule to be deduced from the authorities is that a waiver of forfeiture may be inferred when the insurer, after knowledge of the act of forfeiture, requires the assured, by virtue of the requirements in the policy, to do some act or incur some expense. We are of the opinion that the plaintiff's testimony was sufficient to bring the case within

the rule, and that the question of waiver ought to have been submitted to the jury. *Fink v. Ins. Co.*, 60 Mo. App. 673.

The plaintiff also admits that he failed to furnish proofs of loss. He relies on the facts above stated as tending also to prove a waiver of *that* requirement of the policy. In addition it may be stated that, during the stay of the adjuster at Dexter and after his departure, he said nothing to the plaintiff about making out formal proofs of loss. The conduct of the adjuster was such as to fairly authorize the plaintiff to presume that this requirement of the policy would not be insisted on. This made the question of waiver one of fact for the jury, and not of law for the court. *Fink v. Ins. Co.*, *supra; Summers v. Ins. Co.*, 45 Mo. App. 46; 2 Wood on Fire Insurance, sec. 443.

The facts in the case of *Leigh v. Springfield Ins. Co.*, 37 Mo. App. 542, upon which the defendant relies, are essentially different. There the defendant's adjuster only visited the scene of the loss, and had some conversation with the plaintiff concerning it. There was no attempt to ascertain the amount of the loss or to adjust it.

The rule in this state is that, under a general allegation of performance in the petition, the plaintiff may show a waiver. This rule, however, seems to be confined to insurance cases. *Russell v. Ins. Co.*, 55 Mo. 585; *Insurance Co. v. Kyle*, 11 Mo. 278; *McCullough v. Ins. Co.*, 113 Mo. 616. Therefore, there is no merit in the point made by the defendant, that evidence of waiver was not admissible under the pleadings.

It follows that the action of the court in directing a verdict for the defendant was wrong. The judgment of the circuit court will, therefore, be reversed and the cause remanded. All the judges concur, Judge BOND in the result only.