J. W. McCollum, Respondent, v. The North British and Mercantile Insurance Company, Appellant.

St. Louis Court of Appeals, February 25, 1896.

1. **Fire Insurance**: PLEADING: WAIVER OF CONDITIONS OF POLICY. The waiver of conditions of a policy of fire insurance concerning proofs of loss need not be specially pleaded.

2. ———: WAIVER OF PROOFS OF LOSS: AUTHORITY OF LOCAL AGENT. The statements of the local agent of a fire insurance company, made after a fire has occurred, are not competent evidence to establish a waiver of proofs of loss, when it only appears that he is authorized to fill out, countersign and issue, policies furnished to him in blank by the company, and there is no evidence that he had authority to adjust losses.

3. ——: ——: DELEGATION OF AUTHORITY OF ADJUSTER. The authority of an adjuster of a fire insurance company to adjust a loss is personal, and can not be delegated in the absence of proof of a right on his part to do so. Accordingly, in the absence of such proof, his company is not bound by his agreement with the insured, that it would abide by whatever adjustment the insured might make with the adjuster of another company.

*Appeal from the Madison Circuit Court.*—HON. JAMES D. FOX, Judge.

REVERSED AND REMANDED.

*Fyke, Yates & Fyke* for appellant.

*J. L. Fort* and *L. R. Thomasson* for respondent.

ROMBAUER, P. J.—This is an action on two fire policies. The loss is the one referred to in *McCollum v. Niagara Insurance Company* (61 Mo. App. 352), and many features of the two cases are similar. As we have fully discussed the circumstances surrounding the loss in the *Niagara Insurance Company* case, we shall confine ourselves mainly to pointing out the difference between the two cases.

In the *Niagara Insurance Company* case the trial court nonsuited the plaintiff, presumably on the ground that the violation of certain conditions of the policy was conceded by the evidence. We reversed that judgment, and held that the plaintiff had given substantial evidence of a waiver of these conditions which entitled him to go to the jury. In the case at bar there was a judgment for plaintiff in the trial court, and the defendant on this appeal assigns for error the admission of illegal testimony, the giving of erroneous instructions for the plaintiff, and the refusal of proper and legal instructions for the defendant; also that, under the pleadings, all evidence of waiver was inad-

missible since the reply pleaded no such waiver, but is simply a general denial.

Before proceeding to the examination of other points presented, we must dispose of the last of the above complaints. The appellant relies on *McNees v. Insurance Company*, 61 Mo. App. 335, where it is held that the waiver of a condition precedent to arbitrate an insurance loss can not be shown unless pleaded. The learned judge who wrote the opinion endeavored to distinguish such a case from *Insurance Company v. Kyle*, 11 Mo. 291, *Russell v. Insurance Company*, 55 Mo. 593, and *McCullough v. Insurance Company*, 113 Mo. 606, on the ground that in those cases there was an attempted performance, and the showing of waiver was equivalent to showing full performance. This ingenious argument loses sight of the fact, that in the *McCollough* case the court pointedly holds that, while in all other actions evidence of waiver is inadmissible unless the waiver is pleaded, actions on policies of insurance form an exception to the rule. Whether such a declaration was justified by the preceding state of the law even here, and whether it is one which can be upheld on a sound rational theory, it is not for us to decide. Since it is the last controlling decision of the supreme court, it is our duty to follow it, as we did follow it in *McCollum v. Niagara Insurance Company, supra*. The object of pleading a waiver is to advise the opposite party of the issue he will be required to meet, and it would seem a hardship that an exception should be made in case of a suit upon an insurance policy and against a litigant belonging to a class toward which juries as a rule are not favorably disposed.

The errors assigned as to the admission of evidence arise in the following manner:

The policy sued on in this case required as a con-

dition precedent to recovery that the plaintiff should make out and forward to the company, within sixty days after the fire, formal proofs of loss. That this condition was not complied with is conceded, but the plaintiff claims that it was waived by the defendant's acts. For the purpose of showing such waiver the plaintiff gave in evidence the depositions of one Staats, who at the date of the issue of the policy, and at the date of the fire, was the local agent of the defendant company, with authority to fill out, countersign and issue, policies furnished to him in blank by the defendant. This witness stated that practically all the advice. he gave to the plaintiff after the fire was to have his books ready when the adjusters came, so that they could examine them. Plaintiff also read in evidence the deposition of one Buchanan, the partner of said Staats in the agency, who testified to the authority of his firm to the same effect, but also stated on his cross-examination that the firm had no authority from defendant to take any action relative to the adjustment or settlement of a loss without special instructions from the company, or to advise the assured what was necessary for him to do with reference to adjustment of any loss. It appeared in evidence that the defendant and other companies interested in the loss were advised immediately thereafter, and promised to send on their adjusters to examine into the loss; that soon thereafter such adjusters came, the defendant's adjuster being one Lowe, and the adjuster of the Niagara Insurance Company one McMillen; that Lowe, after looking over the place of fire, left, and McMillen remanied and examined into the loss. Plaintiff then offered to read the following questions and answers from the deposition of Staats:

"*Q.* Do you know whether McMillen was authorized to represent all of these companies after the other

adjusters left?  *A*.  It was our understanding that whatever McMillen did would be agreeeble with all the companies."

Defendant asked to have the answer stricken out because it is not responsive to the question, but states a mere conclusion. The court refused to strike out the answer, and the defendant excepted. Against similar objections, the court permitted the witness to testify that McMillen said he would do the best he could do for plaintiff, and that he wanted to settle the loss if he could get at it; also to state the reasons which McMillen gave for not then being ready to settle the loss.

Upon the examination of the plaintiff in his own behalf he was permitted to state, against the defendant's objections, what passed between him and McMillen in the examination of the loss; also that Buchanan and Staats told him that they would let him know what to do, and that Buchanan told him after McMillen left: "You need not be a bit uneasy. The matter will be settled. They may try to put you out a little. You just stand out, and they will pay you every cent. They will have it to do." Exceptions were properly saved to these rulings of the court.

In *McCollum v. Niagara Fire Insurance Company*, *supra*, we held that the acts of McMillen, the adjuster, might be considered by the jury on the question of waiver of preliminary proofs. The essential difference between that case and the case at bar is that there the adjuster represented the company sought to be charged, while here he is the adjuster of another company. The answer of Staats, "It was our understanding that whatever McMillen did would be agreeable with all the companies," should have been stricken out on defendant's motion, as such answer, in the first place, does not undertake to show whose understanding it was, that of the agents or of the defendant's adjuster, and,

next, because it does not appear that either the agents or the defendant's adjuster had any authority to enter into such agreement. On the contrary, it distinctly appeared by the preceding evidence of Buchanan, who was plaintiff's witness, that neither he nor his partner, Staats, had any authority to take any action in regard to the adjustment and settlement of a loss. For stronger reasons the subsequent statements of the agents to which the plaintiff himself testified, which were to the effect that the company would pay the loss in full if he held out, were inadmissible and highly prejudicial to the defendant, and could in no sense constitute evidence of a waiver of preliminary proofs. *Burlington Insurance Company v. Kennerly*, 31 S. W. Rep. 155; *Bowlin v. Hekla Insurance Company*, 31 N. W. Rep. 859; *Smith v. Niagara Insurance Company*, 15 Atlantic Rep. 353; *Harrison v. Ins. Company*, 59 Fed. Rep. 732. We assume that no case can be found where the subsequent statements of a local agent, not being shown to have any authority to adjust losses, were held to be admissible as showing a waiver of proofs. In *McCollough v. Insurance Company*, relied on by the respondent, there was evidence that proofs had actually been furnished, and while the question of waiver is discussed in the opinion, both the trial court and the supreme court decided the case on the theory that proofs had been made.

The respondent contends that from the fact shown that Lowe, the defendant's adjuster, was himself on the ground, and left McMillen behind him, the jury were authorized to presume that Lowe was authorized to have McMillen act for the defendant, and that, having such authority, he did actually authorize him to do so. Presumptions to be admissible must be based on facts shown, and not on presumptions arising from facts, else presumptions might be spun out *ad infini-*

*tum.* But the argument fails in another respect, because here from the facts shown the first presumption is not admissible. No course of dealing was shown by which the powers of an adjuster could be held to include the right to delegate his powers to another. The nature of such an office, being one based upon personal trust, would negative the existence of such a power. We must, therefore, conclude that the rulings of the court in admitting evidence were erroneous and prejudicial to the defendant, and necessitate a reversal of the judgment.

For the same reason we must hold that the court erred in giving the following instructions for the plaintiff:

"If the jury shall find from the evidence in this cause that the property covered by the policy in suit was destroyed by fire on or about the fifth day of March, 1892, and that the plaintiff was told by the agents of the defendant, within sixty days after said loss, that it was not necessary for him to make out and forward to the defendant formal proofs of the loss, and that, believing said representations and statement to be true and relying thereon, plaintiff failed to furnish defendant such proofs of the loss within sixty days after the fire, then, and in that event, the court instructs you that the defendant will not be permitted to defend on the ground that such formal proofs of the loss were not furnished within said time and the jury will so find.

"You are further instructed that, if you find from the evidence in this case that the property covered by the policy in suit was destroyed by fire on or about the fifth day of March, 1892, and that, within a few days thereafter, the defendant sent an adjuster to the place where the fire and loss occurred to investigate the cause and extent of the same, and that said adjuster

did examine the cause of said fire and the books and papers of the plaintiff, and that said adjuster never complained that he was dissatisfied therewith, then, and that event, you may consider such facts in determining whether the defendant has waived the formal proofs of loss required by the policy."

In view of the fact that plaintiff's own witness testified that the agents had no authority to do anything in the adjustment of the loss, the first instruction would have been erroneous, even had there been any evidence to support it. But there was no evidence to support the fact that any agent ever told the plaintiff that "it was not necessary for him to make out and forward to the defendant formal proofs of loss." Nor was there any evidence that the defendant's adjuster ever examined the plaintiff's books and papers, unless McMillen, under the evidence, was defendant's adjuster, and of that fact there is no substantial evidence in the record.

Other points made by the appellant have been established in favor of the respondent by our decision in the *Niagara Insurance Company* case, and need not be discussed again.

All the judges concurring, the judgment is reversed and the cause remanded.