J. W. McCOLLUM, Respondent, v. THE LIVERPOOL, LONDON & GLOBE INSURANCE COMPANY, Appellant.

St. Louis Court of Appeals, May 26, 1896.

1. **Insurance, Fire**: WAIVER OF PROOFS OF LOSS: POWERS OF ADJUSTER. The adjuster of a fire insurance company has authority to waive a requirement for proofs of a loss, in the adjustment of which he is engaged.

2. ———: ———: SUFFICIENCY OF EVIDENCE. In this cause it appeared that the adjuster of the insurer went to the place of the loss for the purpose of adjusting it; that he remained there three or four days, yet failed to complain of the nonservice of proofs; that he frequently conferred with the insured and the local agents of the insurer about a settlement; and that at his suggestion an attempt was made to have the loss appraised and each party selected an appraiser for that purpose, but that the appraisers failed to agree. *Held*, that this evidence warranted a finding of the waiver of proofs of loss.

3. ———: DELIVERY OF PROOFS OF LOSS: AUTHORITY OF AGENT TO WAIVE. *Held, arguendo*, that proofs of loss may be delivered to the local agent of the insurer, when the policy does not provide for a different delivery. And *semble*, that a local agent thus authorized to receive proofs of loss may waive the requirement for them.

4. ———: CONDITION AGAINST OTHER INSURANCE : ESTOPPEL. A fire insurance company can not avail itself of a condition against other insurance, when its agent was also the agent for the other underwriters and as such issued the policies for the other insurance.

*Appeal from the Madison Circuit Court.*—HON. JAMES B. Fox, Judge.

AFFIRMED.

*Fyke, Yates & Fyke* for appellant.

*J. L. Fort* for respondent.

BIGGS, J.—This is an action on a policy insuring the plaintiff's building for $2,000. The building was burned during the life of the policy. It is a part of the same loss referred to in *McCollum v. Niagara Insurance Company*, 61 Mo. App. 352, and *McCollum v. The North British and Mercantile Insurance Company*, 65 Mo. App. 304. The facts in all the cases are somewhat similar. Two defenses were interposed to the present action: *First*, that the plaintiff failed to make proofs of loss as required by the policy; *secondly*, that the policy was rendered void by overinsurance. The cause was submitted to the court without the intervention of a jury. The plaintiff asked no instructions. The defendant submitted one in the nature of a demurrer to the evidence, which was refused. The issues were found for the plaintiff, and judgment rendered in his favor for the amount of the policy with interest. The defendant has appealed, and complains of the refusal of its instruction and of the admission of incompetent and irrelevant testimony.

By the terms of the policy it was made the duty of the assured to furnish to the company within sixty days after the fire the usual proofs of loss, and also the certificate of a magistrate or notary public (if required

by the company), stating that he had looked into the circumstances and believed that the assured had honestly sustained loss to the amount stated. There is no evidence that the certificate of an officer was required. It is conceded that the plaintiff failed in respect of the proofs of loss. Plaintiff testified that the defendant's local agents told him that they had made out the necessary proofs and forwarded them to the company, and that it was not necessary for him to do anything. It was insisted by the plaintiff that the defendant had waived this requirement of the policy, and the evidence was directed to that point. A few days after the fire the defendant sent Mr. McMillen, its adjuster, to the scene of the loss, where he remained for several days, and during the time he had conferences with the plaintiff and the local agents of the defendant concerning the loss, the value of the building, and its appraisement. Plaintiff testified: "He (McMillen) asked me if I had any man I could select to make an estimate on that building. I told him I did. He said: 'It is your duty to select a man. We have one with us to help make an estimate. If those men can't agree, they would take another man to make an estimate on the building.' I selected Judge Ringer, the man that built the house. They went to work to make an estimate on it, and were down there half a day.   *   *   * The men did not agree, and, if they picked anybody else, I did not. If they made any estimate, I did not know—they did not give it to me; if they did, they gave it to him." The plaintiff also stated that McMillen told him that he intended to remain until he adjusted the claims of all of the companies if he could, and that he went away three or four days after the attempted appraisement of the building, and made no demands on him for proofs of loss or anything else.

Under the foregoing evidence the questions are whether the adjuster had authority to waive proofs of loss, and, if so, did the evidence tend to prove a waiver. The main object of such proofs is to aid the company in adjusting and settling the loss. They may properly be regarded as one of the details of the adjustment. As the business of an adjuster is to ascertain the loss and agree with the assured on a settlement, we think it quite reasonable to hold that he has authority to waive all matters of form or detail connected with the business. *German Insurance Company v. Gibson*, 53 Ark. 500; *Aetna Insurance Company v. Shryer*, 85 Ind. 362; *Harrison v. Hartford Insurance Company*, 59 Fed. Rep. 732; *Harris v. Insurance Company*, 52 N. W. Rep. (S. C. Iowa) 128; *Smith v. Insurance Company*, 15 Atlantic Rep. 353.

That the evidence was sufficient to carry the question of waiver to the jury, there can be no question. The rule as stated by the New York court of appeals in *Titus v. Insurance Company*, 81 N. Y. 410, and affirmed by us in *McCollum v. Niagara Insurance Company, supra*, is that "if, in any negotiations or transactions with the insured after knowledge of the forfeiture, it (the company) recognizes the continued validity of the policy, or does acts based thereon, or requires the insured by virtue thereof *to do some act or incur some trouble or expense*, the forfeiture is as matter of law waived; and it is now settled in this court, after some difference of opinion, *that such a waiver need not be based upon any new agreement or an estoppel.*" We reaffirmed the rule in the case of *Fink v. Lancashire Ins. Co.*, 60 Mo. App. 673. It is undisputed that McMillen was the defendant's adjuster; that he went to Dexter for the purpose of adjusting the loss; that he made no complaint of the failure to furnish preliminary proofs; that he remained there three or four days; that during

the time he frequently conferred with the plaintiff and the local agents concerning a settlement, and that at his suggestion each party selected an appraiser, and instructed them to estimate the value of the building, which they attempted to do but failed to agree. This amounted to substantial evidence of a waiver of the preliminary proofs, which required the submission of the question to the jury.

On the question of waiver the court permitted the plaintiff to detail a conversation had with one of the defendant's local agents after McMillen left Dexter. The plaintiff asked the agent what he supposed the defendant would do concerning the loss. The agent replied: "It is all right, you need not bother about it." It was shown that the defendant is a foreign insurance company, and that its local agents at Dexter had authority to solicit insurance, and to issue and cancel policies. Agents having such powers have authority, *prima facie*, to waive conditions concerning the issuance of policies or changes therein, but presumptively they have no authority to waive any requirements or conditions in a policy after a loss has occurred, when the policy directs where and to whom proofs of loss shall be sent. *Smith v. Insurance Company, supra; Burlington v. Kennerly*, 31 S. W. Rep. 155; *Von Genechtin v. Insurance Company*, 75 Iowa, 544. But *quaere*, whether the facts in the case at bar do not establish an exception to the rule under the decisions in this state. The policy provides that the preliminary proofs shall be furnished to the company, but it does not specify to what office or place the proofs shall be sent. In such a case the supreme court held in *McCullough v. Insurance Company*, 113 Mo. 606, that the demands of the policy are met when proofs are delivered to the local agent. If the local agent may be served with proofs, or may accept them on behalf of his company, may he

not waive them? The reasoning of the supreme court in its opinion in *Loeb v. Ins. Co.*, 99 Mo. 50, adds some strength to this suggestion. Under this view the proof of what the defendant's local agent said or did in reference to the proofs of loss, or the intention of the defendant to pay, was admissible. But, conceding, for the argument only, that the evidence was technically inadmissible, we do not think that the judgment ought to be reversed on account of it, especially as the trial was before the court and there was ample testimony outside of it to support the judgment.

The policy provides that, in the event of loss, the company shall not be liable for an amount greater than three fourths of the actual cash value of the property, and, in case of other insurance, then for only its *pro rata* share of such three fourths value. And the policy further provides that, except by agreement indorsed on the policy, other insurance shall avoid it. The plaintiff, after the issue of the policy, obtained two thousand additional insurance on the building without having the consent of the company indorsed on the policy. This can not avail the defendant; for it is admitted that the defendant's local agents, who were also agents for other companies, wrote the additional insurance. Under the decision of the supreme court in *Hamilton v. Insurance Co.*, 94 Mo. 353, the defendant must be held to have had knowledge of the additional insurance, and to have consented thereto; and it will also be held that the defendant, through its agents, determined that the property was of sufficient value to warrant the additional insurance.

What the property was actually worth is a matter of no moment. The loss was a total one, and there was no proof of any depreciation in the property after the date of the policy. Therefore, under the statute, plaintiff was entitled to recover (if at all) for the full

amount of the policy, regardless of a stipulation therein confining the liability to three fourths of the value of the building. R. S. 1889, secs. 5897, 5898; *Price v. Ins. Co.*, 48 Mo. App. 294; *Murphy v. Ins. Co.*, 62 Mo. App. 497; *Jacobs v. Ins. Co.*, 61 Mo. App. 575; *Baker v. Ins. Co.*, 57 Mo. App. 563; *Barnard v. Ins. Co.*, 38 Mo. App. 117; *Havens v. Ins. Co.*, 123 Mo. 423.

The judgment of the circuit court will be affirmed. Judge BOND concurs; Judge ROMBAUER writes a separate concurring opinion.

### CONCURRING OPINION.

ROMBAUER, P. J.—I agree to the result reached in the opinion, but, as I can not agree to some of the reasoning employed therein, I prefer to state the reasons for my conclusion separately.

The casualty is the same which caused the loss considered in *McCollum v. Niagara Ins. Co.*, 61 Mo. App. 352, and *McCollum v. The North British and Mercantile Ins. Co.*, 65 Mo. App. 304, but there are essential differences between this case and the two former cases. The loss sued for in the former cases was one upon a stock of goods, while here it is a total loss upon a building. In the *North British and Mercantile Insurance Company* case, the adjuster, whose acts were invoked as furnishing evidence of a waiver, was the adjuster of another company, while here he is admitted to have been the adjuster of the defendant. A further difference entitled to some consideration is that the former cases were tried by a jury, while the case at bar was tried before the court, and, hence, the admission of even irrelevant evidence can not be presumed to have had a prejudicial effect to the same extent as it would if the case had been tried by jury.

The policy sued on in this action was one of two

policies insuring the plaintiff against loss upon a building. That the loss was total was conceded. Two defenses were interposed, the failure to make preliminary proofs, and overinsurance contrary to the terms of the policy. The trial resulted in a judgment for plaintiff for the full amount claimed. The defendant offered no evidence except as to the value of the building, and asked but one instruction which was in the nature of a demurrer to the plaintiff's evidence. The plaintiff asked no instructions.

Touching the question of other insurance, the abstract of the record fails to present any point for our consideration. The errors assigned by the defendant are that, failure to furnish preliminary proofs being shown, the court should have nonsuited the plaintiff since the evidence fails to show any facts on which a waiver of such proofs could be predicated, and, also, that the court erroneously admitted in evidence certain statements claimed to have been made by the defendant's local agents to the plaintiff as evidence of a waiver of preliminary proofs.

The requirements of the policy are that proofs should be furnished within sixty days after the fire, accompanied by the usual certificate of a notary or magistrate, *if required by the company*. As there is no evidence that such a certificate was required by the company, the failure to furnish it is immaterial. That the loss was a total loss is conceded; hence, preliminary proofs, as far as the same had reference to the *extent* of the loss, had no office to perform. R. S. 1889, sec. 5897.

The plaintiff gave evidence tending to show the following facts: The defendant's adjuster called at the place of fire within a few days after the loss. He remained there several days, and it is fairly inferable that he fully satisfied himself as to the cause of the

loss, and also as to the depreciation, if any, in the value of the building insured between the time of insurance and date of loss. As he required no certificate of a magistrate or other officer as to the cause of the loss, it is fairly inferable that he became satisfied that the loss was one for which the company was responsible. We may add in this connection that, upon the trial of the cause, the defendant claimed no depreciation, and gave no evidence of it, although under the section above quoted the burden of proof on that subject rested with the defendant.

The plaintiff also gave evidence to the effect that the defendant was a foreign corporation; that its local agents who issued the policy in question were authorized to issue and countersign policies. No limitation of their general authority was shown in this case, as was shown in *McCollum v. North British Mercantile Insurance Company, supra.* The adjuster, after looking into the loss, left without any intimation to plaintiff that his investigation was not satisfactory. After he left, the plaintiff approached the local agents and asked them whether he had anything further to do. These agents, as far as the plaintiff is concerned, were the general agents of the company, as the defendant is a foreign corporation, and it is not shown that they had any other general agent in this state. He was told by them that it would be all right, that he need not bother any more about it, that they would attend to everything that was necessary, and that, if there was anything further to do, they would let him know. There is no pretense that they ever required of the plaintiff any further proofs. It must be remembered, in this connection, that the policy did not provide where the preliminary proofs should be sent, and that these agents, under the decision of *McCullough v. Insurance Company*, 113 Mo. 606, could have been served by

the plaintiff with the preliminary proofs. The total amount of insurance according to defendant's abstract was $4,000, while the evidence adduced by the defendant tended to show that the value of the building was $4,271, and the plaintiff's evidence tended to show that it was between $4,700 and $4,800.

I conclude that the evidence taken together had a tendency to show a waiver of preliminary proofs. Unless such was the intention of the defendant, its course and conduct can not be reconciled with fair dealing. If there was any limitation on the authority of the local agents, it does not appear that the plaintiff was advised of it. He had under the circumstances a right to assume that, when they advised him immediately after the departure of the defendant's adjuster, that nothing further would be required of him, they spoke by authority of the adjuster, and hence by authority of the defendant. That the plaintiff failed to do anything further in reliance upon these statements and conduct, all the evidence concedes.

The defendant claims that this case is similar in its features to *Hanna v. Insurance Company*, 36 Mo. App. 538. This, however, is a mistake. In that case the plaintiff was distinctly advised that a strict compliance with all the conditions and stipulations of the policy would be required of him, and especially in relation to rendering said company a particular account of the alleged loss. When he attempted to furnish proofs, he was again distinctly advised that they were unsatisfactory and not within the terms and conditions of the policy. He failed to take any steps to remedy the defects, although he had ample time to do so. No waiver could possibly be predicated upon the facts there shown.

We are aware that, owing to the prejudice existing against these companies, they are often driven to

purely technical defenses which are available to them as a matter of law, while *practically* no defenses are available to them in any case depending on contested facts. Where, however, as in this case, the loss is clearly a loss in good faith both as to extent and character, and where the evidence, direct and inferential, is sufficient to found a waiver upon it, we are not justified in disturbing the finding of a waiver simply because the evidence on which it is founded admits of another inference with a greater propriety.