J. W. McCollum, Respondent, v. Hartford Fire Insurance Company, Appellant.

St. Louis Court of Appeals, May 26, 1896.

1. **Fire Insurance**: CONDITION AGAINST OTHER INSURANCE: ESTOPPEL. A fire insurance company can not avail itself of a condition against other insurance, when it has notice of the other insurance yet fails to signify an intention to cancel its policy or to claim a forfeiture of it; and the fact, that its agent through whom it issued its policy also procured the other insurance as agent of the other underwriters, as a matter of law constitutes such notice to it.

2. ———: NECESSITY FOR PROOF OF LOSS ON TOTAL DESTRUCTION OF BUILDING. When a policy of fire insurance requires proof of loss for other purposes than a mere showing of the amount of the loss, as where there must also be a showing of the ownership of the property and the *bona fides* of the loss, the mere fact that the property insured was a building, that the loss was total, and that our statute in such a case prescribes the amount payable, does not render the proofs unnecessary.

3. ———: WAIVER OF PROOFS: SUFFICIENCY OF EVIDENCE. In addition to the loss being of the above character, it appeared in this cause that no question was raised as to the *bona fides* of it or the ownership of the property; also that the local agent of the insurance company, who issued the policy, was authorized to fix and collect premiums, and to countersign and issue policies; and that he had expressly stated to the insured that payment would be made without proofs of loss. No limitation of the authority of this agent was shown, and the policy did not require the proofs of loss to be delivered to anyone other than himself. *Held*, that these circumstances warranted a finding of the waiver of the proofs of loss by the insurance company.

4. ———: ———: POWERS OF LOCAL AGENT. *Semble*, that the resident local agent of a foreign insurance company, who is authorized to fix and collect premiums and to countersign and issue policies, is, in the absence of notice to the insured of a limitation of his powers, to be deemed to have authority to waive proofs of loss under a policy issued by him.

*Appeal from the Madison Circuit Court.*—HON. JAMES D. FOX, Judge.

AFFIRMED.

*Fyke, Yates & Fyke* for appellant.

*J. L. Fort* for respondent.

BOND, J.—On June 12, 1891, defendant issued its policy of insurance for one year for $2,000 on a two-story brick building belonging to plaintiff. On June 10 another insurance corporation executed a policy of insurance for the same amount on the same property for one year. Defendant's local agents, while acting as such, procured for plaintiff the second policy. The building was totally destroyed while covered by this insurance on the fifth of March, 1892. The present action is for the amount of the first policy. The defense is the failure to make proofs of loss within sixty days as prescribed in said policy, and overinsurance contrary to the provisions of the policy. The cause was submitted to the court without a jury. No declarations of law were asked by plaintiff. Defendant interposed a demurrer to the evidence, which was overruled, and judgment was rendered in favor of plaintiff for the amount of the policy and interest. Defendant appeals.

There is no merit in the defense of overinsurance. The fact is undisputed that the second policy was procured by plaintiff from the same agent who represented

defendant in the issuance of the policy in suit, and who was defendant's agent to issue policies at the time of the procurement of the second policy. This affected defendant with notice in law of the fact of the issuance of the second policy, and defendant's failure thereafter to signify an intention to cancel its policy or claim a forfeiture by reason of such additional insurance contrary to its provision estops it to make such claim in the present action. *Hamilton v. Ins. Co.*, 94 Mo. *loc. cit.* 368..

The second error assigned relates to the question of waiver by defendant of the making of due proofs of loss as required in the policy in suit. These were required to be furnished within sixty days after loss, unless further time was granted by defendant, and were to include, in addition to a showing of the amount of loss and the ownership of the property, a statement under plaintiff's oath giving his knowledge and belief as to the time and origin of the fire. No such proofs of loss were shown to have been made. Plaintiff claims that there was a waiver of this requirement by the acts and doings of one McMillen as defendant's adjuster. As plaintiff failed to show by competent evidence that McMillen bore this relation to the defendant, this point need not be further noticed. *McCollum v. North British and Mercantile Company*, 65 Mo. App. 304.

Plaintiff further insists that there was no necessity for proofs of loss under the present statute governing insurance of real estate. R. S. 1889, secs. 5897, 5898. This has been so ruled in some jurisdictions, on the ground that a statute fixing the amount to be paid renders it useless to make proofs of loss. *Insurance Company v. Doherty*, 102 Pa. 568; *Insurance Company v. Chase*, 33 S. W. Rep. 602; *Insurance Company v. Levy*, 33 S. W. Rep. 992. If the only purpose of proofs of loss was to show value, these decisions could

be well supported, since the statutes governing insurance of realty supersede the necessity of proof of its value, where the loss is total, and make the insurer liable for the amount of the policy, despite the concurrent insurance, unless it shall be shown by the *insurer* that the property has depreciated in value between the time of issuing the policy and the loss. *Murphy v. Insurance Company*, 62 Mo. App. 497; *Queen Insurance Company v. Leslie*, 24 N. E. Rep. 1072. But proofs of loss serve other purposes than a showing of value. By the conditions of the policy in this case the proofs of loss were required to show the ownership of the property and the *bona fides* of the loss under the oath of plaintiff. It is entirely proper and reasonable that the insurer should be advised on these points in order to make a settlement, and the insertion of a clause requiring such a statement under oath was a proper matter of self-protection, and in no wise affects the binding force of the statute as to the amount of payment under the policy, when payment may be legitimately demanded. For these reasons we hold that the statute in question does not excuse the making of proofs of loss, where the policy requires that to be done.

In the case at bar no claim is made by defendant that plaintiff was not the owner in fee of the property destroyed, nor is it pretended that the burning was by design or that the loss was in any respect other than *bona fide*. Indeed the entire evidence shows that the loss was an honest one. In such a case it is obvious that the making of formal proofs of loss would have been of no practical benefit to defendant. On the subject of making proofs of loss plaintiff testified that he had a conversation with the agents of defendant who were authorized by it "to fix rates or premium, receive moneys, countersign, issue, and renew policies," and that he was told by such agents, in substance, that

nothing need be done in the matter of making proofs of loss; that they were satisfied, saying further: "It will be all right; you need not bother any more about it." The agents in question represented a foreign corporation. There is no evidence in this record that plaintiff knew of any limitation upon their authority under the terms of the power of attorney given them by defendant in the above quoted language. The subject-matter of the insurance was real estate, which was wholly destroyed. There is nothing in the policy requiring plaintiff to deliver the proofs of loss to any persons other than said agents. They were, therefore, deliverable to the latter. 113 Mo. 606. These facts are essentially different from those shown in the record in *McCollum v. North British and Mercantile Ins. Co.*, *supra.* In that case the property insured was a stock of goods—governed by a different rule from that applicable to realty—and the testimony given for plaintiff in that case showed that the agents "had no authority to do anything in the adjustment of the loss." Hence, it was held that plaintiff could not testify as to an oral agreement for waiver had by himself with said agents.

The radical distinction between the authority of the agents in the former and present case is that there is nothing in this record showing any limitation of the apparent authority bestowed upon said agents by the terms of their commission as above quoted. That this language was sufficient to constitute them general agents for making contracts of insurance for defendant can not be doubted. *German Ins. Co. v. Orr*, 56 Ill. App. 639; *Continental Ins. Co. v. Ruckman*, 127 Ill. 372; *Pitney–Glen's Falls Ins. Co.*, 65 N. Y. 6; *Geo. Home Ins. Co. v. Kinnier's Adm'x*, 28 Grattan, 88; May on Insurance, section 126. It is held that agents so authorized, in the absence of any notice to the insured of a limi-

tation of their authority, may by oral agreement with him waive the making of proofs of loss, although the policy requires such proofs to be furnished. 2 Wood on Fire Ins., sec. 419; 2 Biddle on Insurance, 1073; 2 Beach on Insurance, sec. 1234; *Syndicate Ins. Co. v. Catchings*, 16 So. Rep. 46; *American Cent. Ins. Co. v. McLanathan*, 11 Kan. 549; *Phenix Insurance Company v. Munger*, 49 Kan. 178; *Rivara v. Queen's Ins. Co.*, 62 Miss. 728; *Ins. Co. v. Wilkinson*, 13 Wall. 222; *Hardwick v. State Ins. Co.*, 20 Ore. 547; *Fireman's Fund Insurance Company v. Norwood*, 69 Fed. Rep. 70; *Loeb v. American Central Ins. Co.*, 99 Mo. 50; *Hanna v. Ins. Co.*, 56 Mo. App. 582; *Burnham, Hanna, Munger & Co. v. Ins. Co.*, 63 Mo. App. 85. The principle which supports this doctrine is that foreign insurance companies, by authorizing their resident agents to make contracts in their behalf, give them an apparent authority to deal with the assured in any matters growing out of the performance of such contract, unless notice of a lesser authority is communicated. The facts in this case present special reasons for the application of this rule. As far as this record shows, the only representatives of the defendant with whom the plaintiff was brought in contact, or whom he had a right to treat as such, were Buchanan and Staats, who were placed in charge of defendant's business in the locality where the property was insured under a general authority to make and renew contracts of insurance on its behalf. The record shows that defendant was properly notified of the fire by said agents, and that thereafter upon plaintiff's application to them they informed him that he need not furnish them with proofs of loss, and that payment would be made according to the terms of his policy. The conclusion may be drawn that defendant, recognizing its liability for a fixed sum upon the

total destruction of the property, of which it had been informed, intended to waive the useless ceremony of furnishing proofs of loss, inasmuch as there was nothing to show that plaintiff was not the owner of the building or that he was privy to its burning. The result is that the judgment in this case will be affirmed. All concur.