T. F. GREENLEE, *et al.*, V. THE HANOVER INSURANCE COMPANY, Appellant.

**Insurance:** FORFEITURE: *Concealment.* To avoid liability under a policy of insurance providing that it shall be void if the insured has concealed or misrepresented in writing or otherwise any material fact or circumstance concerning the insurance or the subject thereof, or if he has not truly stated his interest in the property, it is not sufficient to show that there were mechanic's liens on the property at the time the policy issued; it must also appear that there was some independent concealment in respect thereto.

SERVICE OF PROOF OF LOSS: *Recording agent.* The service of proofs of loss upon the recording agent of the insurer, who issued the policy in suit, is sufficient. Citing *McCullough v. Ins. Co.* (Mo.) 21 S. W. Rep. 207.

*Appeal from Benton District Court.*—HON. G. W. BURN-HAM, Judge.

TUESDAY, JANUARY 25, 1898.

ACTION on a policy of fire insurance. Judgment for plaintiffs, and the defendant appealed.—*Affirmed.*

*McVey & McVey* for appellant.

*J. J. Mosnat* for appellees.

GRANGER, J.—I. The court, at the close of the evidence, on motion of plaintiffs, directed a verdidct for

them. The issues involved the question of whether proofs of loss had been served, and, for the court to direct a verdict, the evidence must show that fact without substantial conflict. It is urged here that the record does not show such a service, but we think it does. Appellant's conclusion is based on a partial abstract and consideration of the evidence. It appears conclusively that Milner & Decker were the recording agents of defendant, and issued the policy in suit. It also appears that service of proofs of loss was made on Milner & Decker, agents, at Belle Plaine, Iowa. Such a service is sufficient. *McCullough v. Insurance Co.*, 113 Mo. Sup. 606 (21 S. W. Rep. 207); 2 Beach, Insurance, section 1203.

II. The policy contained this provision: "This policy shall be void if the insured has concealed or misrepresented, in writing or otherwise, any material fact or circumstance concerning this insurance, or the subject thereof, or if the interest of the insured in the property be not truly stated herein." At the time the policy issued there were certain mechanics' liens that had been put in judgment, as to which, it is claimed, there was a concealment by plaintiffs, that avoids the policy. To avoid the policy because of such concealment, the fact must be shown in some manner. The policy is in the record, but not the application, and we do not find a word of evidence on the subject of concealment, nor anything to sustain such an inference. So far as the record shows, the policy issued with full knowledge of all the facts. The judgment will stand AFFIRMED.